Commonwealth ex rel. Bush *v*. Bush, Appellant.

Argued September 27, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*David Berger,* with him *Leon H. Kline,* for appellant.

C. *Russell Phillips*, with him *Garrett A. Brownback*, and *Montgomery, McCracken, Walker & Rhoads*, for appellee.

OPINION BY ARNOLD, J., January 17, 1952:

The defendant appeals from an order directing him to pay $225 monthly for the support of two children, aged ten and thirteen. We are of the opinion that this order must be modified.

In 1949 defendant's first wife, the mother of the children here involved, brought a divorce action against him. They then entered into an agreement under which he was to pay $150 monthly for the support of these two children. While this agreement is not binding on the children, it is evidence of what the wife then thought was a proper amount for their support. At the time of the separation she conveyed to defendant a property held by the entireties, receiving $4,000 in cash and an automobile valued at $1,000. In addition she received most of the household furniture.

The defendant remarried in March, 1951, and lives with his present wife and her three children in a home now owned by him. There is no evidence that the defendant's present wife or her children have any independent means or income. The relatrix and her two children have been living with her parents, and she has been paying $50 monthly for their board and lodging. She is employed as a school teacher at an annual salary of $2,600. The testimony did not establish any unusual expenditures for the children aside from dental services and piano lessons.

Defendant's employment brings him a net salary of $530 per month. Dependent upon his employer's business he has been receiving an annual bonus, which in 1951 was $1,500, based on the previous year's earnings. In 1951 his total earnings were $655 per month after taxes and pension contributions. His expenses were

$178 a month, leaving a balance of $477 monthly for the discharge of debts totalling $10,900 and his other obligations, including any support order in the instant case.

The sole question is whether, under the circumstances, the sum allowed by the court below, to wit $225 a month, was reasonable. The amount of an order for support must be fair and not confiscatory. The purpose is support and welfare of the children, *and not punishment of the father;* and the order should be justified by the earning ability of the defendant, making reasonable allowance for his own living expenses.[1]

We are of the opinion that the present order is not justified under the testimony, and would result in the punishment of the defendant rather than the adequate support of these children.

We are further of the opinion that a reasonable and proper order to provide for the children, without penalizing the defendant or jeopardizing his financial status, is $180 per month. This leaves him $297 per month for the support of himself and his family and the discharge of his debts. This modification is, of course, without prejudice to a future showing of change in circumstances.

As thus modified the order of the court below is affirmed.

---

[1] *Commonwealth ex rel. Yeats v. Yeats,* 168 Pa. Superior Ct. 550, 79 A. 2d 793.