## Commonwealth ex rel. Gershman *v.* Gershman, Appellant.

Argued March 20, 1956. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (RHODES, P. J., absent).

*Edward I. Weisberg,* with him *David N. Feldman,* for appellant.

*Abraham Wernick* and *Wernick & Rosenthal,* for appellee.

OPINION PER CURIAM, May 29, 1956:

Unhappy differences resulted in a written separation agreement between the parties to this proceeding in 1951, and a divorce, the following year. Their two children now are about 11 and 7 years of age; the mother has had custody of them. After the divorce the parties appeared, and an order was entered in the Municipal Court of Philadelphia against the respondent in the sum of $50 per week for the support of the two children. This order was entered by stipulation and was based entirely on the undertaking of the respondent in the separation agreement. In the performance of the agreement and the consent order, the respondent has been paying his former wife $50 every week for the support of their two children. In March 1953 the complainant petitioned for an increase in the support order. Respondent then had earnings in take-home pay of $108 per week. After full hearing before Judge O'DONNELL, the petition was dismissed. In January 1955, the complainant again petitioned for an increase. After hearing, the late Judge WILLITS, based solely upon proof that respondent's then weekly net income amounted to $122 increased the order to $53 per week.

There is nothing in this record indicating the necessity for any unusual expenditure in the maintenance of these children. In our view the agreed payment of $50 per week, is generous in amount under the circumstances. Respondent has remarried and now has a wife, and another infant child by this marriage, to support. In determining the amount of an order for the support of children a reasonable allowance should be made for the living expenses of their father in the light of

his earnings. *Com. ex rel. Bush v. Bush,* 170 Pa. Superior Ct. 382, 86 A. 2d 62. The fact that respondent, after complying with the support order, had but $69 left each week, for the support of his present family, was given no consideration in this proceeding. Moreover, Judge WILLITS considered that respondent's basic liability was fixed by the agreement at $50 per week and ordered the respondent to pay more, on a showing of an increase in weekly earnings, and on that ground alone. The increase is trivial in amount but there is error of law in the order. The written agreement may be binding on the parties (*Com. ex rel. Rossi v. Rossi,* 161 Pa. Superior Ct. 86, 53 A. 2d 887) but it was not binding on the court. In a support proceeding the issue before the court involves a consideration of the needs of the children, and an order for their maintenance in an amount, fair and not confiscatory in the light of the father's earning ability. *Com. ex rel. Bush v. Bush,* supra. The needs of the children were not considered in this case and no testimony was taken on that question.

The order must be reversed for another reason as well. All proceedings for modification between these parties are to be heard by the judge who, after hearing, refused to modify the consent order as originally entered by him. The record in this case does not suggest any reason why the present petition could not have been presented to Judge O'DONNELL for disposition by him. Cf. *Com. ex rel. Moss v. Moss,* 159 Pa. Superior Ct. 133, 47 A. 2d 534.

The order of February 15, 1955 is reversed; the order of April 17, 1952, is reinstated. The respondent in this proceeding has not evidenced any present disposition to reduce the agreed payment of $50 per week for the support of the two children involved.