FRANCIS J. FUCHS, JR. v. VIRGINIA F. FUCHS.

(Filed 11 December 1963.)

1. **Divorce and Alimony § 22—**

A court rendering a decree of divorce has jurisdiction to hear a motion in the cause thereafter made for an allowance for the support of the children of the marriage, notwithstanding the original decree did not refer to the custody or support of the children or to a prior separation agreement between the parties providing, *inter alia*, for their support.

2. **Divorce and Alimony § 23—**

Upon a motion for an increase in the allowance for support of the children of the marriage, the wife's allegation attacking the subsequent marriage of the husband on the ground that the divorce of the second wife from her prior husband was invalid and that therefore the husband was not under legal obligation to support the second wife and her minor child, *held* irrelevant and should have been stricken on motion, there being no contention that the defendant husband was not financially able to provide adequate support for his minor children of the first marriage. G.S. 1-153.

3. **Same; Husband and Wife § 11—**

Provisions in a separation agreement for the support of the minor children of the marriage cannot deprive the courts of their inherent statutory jurisdiction to protect the interest and provide for the welfare of the infants, nevertheless, in the absence of evidence to the contrary, it will be presumed that the amount mutually agreed upon is just and reasonable.

4. **Divorce and Alimony § 23—**

It is error for the court to allow a motion for increase in the allowance for the support of minor children of the marriage solely upon the ground that the husband's income has increased, without evidence of any change of circumstances affecting the welfare of the children or any increase in their needs.

5. **Same—**

In fixing the allowance for the support of minor children of the marriage the court should consider the earnings of the husband as well as the needs of the minor children. Fixing the amount of such support by dividing the income of the husband by the number of people dependent upon him for support, is not approved.

APPEAL by plaintiff from *Johnston, J.,* 15 July 1963 Civil Session of FORSYTH.

The parties hereto were formerly husband and wife, having been lawfully married on 6 September 1947. There were born of this marriage two children, to wit, Julia Caron Fuchs on 23 February 1949, and Donna O'Neil Fuchs on 4 September 1954.

The plaintiff and defendant separated by mutual consent on 30 April 1960. On 6 October 1961, they entered into a separation agreement in which it was agreed that the defendant wife was to have the exclusive supervision, custody, care and control of the aforesaid minor children, but providing for visitation by the plaintiff husband at such times and under such circumstances as shall be reasonable. Under the terms of the agreement the plaintiff agreed that on or before the 10th day of each month, beginning with October 1961, he would pay to the defendant wife the sum of $100.00 for the support of each of the aforesaid minor children until each reaches the age of eighteen years, it being understood that the husband's liability shall terminate prior to the eighteenth birthday as to either child who shall sooner become self-supporting, or shall marry or die.

The agreement also provided that the plaintiff husband shall pay to the defendant wife $200.00 per month, beginning with October 1961, on or before the 10th day thereof, and each month thereafter for her own support and maintenance until such time as she shall die or remarry.

The separation agreement further provided that the liability of the plaintiff husband with respect to the maintenance and support of his wife and two minor children under the provisions of the agreement shall be subject to modification for change of circumstances to the same extent and in the same manner as though determined by a court of competent jurisdiction without the consent of either party.

The plaintiff instituted an action in the Superior Court of Forsyth County for an absolute divorce from the defendant, and a judgment dissolving the marriage between the plaintiff and defendant was entered in said action on 28 May 1962. The decree of absolute divorce does not refer to the custody or support of the children born of the dissolved marriage; nor does it mention the separation agreement theretofore entered into by the parties.

The plaintiff made the payments required of him by the terms of the separation agreement through February 1963, at which time he advised the defendant that he would no longer make the payment of $200.00 per month to her on the ground that she had breached the agreement by refusing to permit him to visit the children and refused

to let the children visit him or write him or to acknowledge the receipt of gifts he had sent to his children. The plaintiff, however, continued to send $100.00 per month for each child in accordance with the terms of the separation agreement for the support of the minor children through July 1963.

The defendant filed a verified motion in the cause in the Superior Court of Forsyth County, dated 11 June 1963, in the action in which the plaintiff secured an absolute divorce from the defendant, praying that the plaintiff be required to pay not less than $400.00 per month for the support and maintenance of the two minor children involved herein, until such time as each child attains the age of 21 years.

The movant introduced no evidence as to the needs of the minor children and only set out the following reason for asking that the amount be increased over the amount agreed upon in the separation agreement: "In view of plaintiff's means and condition in life, $200.00 per month for the support of two children is not a reasonable amount."

The plaintiff in apt time requested the court to find all the facts upon which the court might enter an order relating to the pending motion of the defendant.

The court found no facts relating to the needs of the minor children, but simply found that the plaintiff, having married a woman with one minor child, was responsible for the support of five persons, namely, his two minor children by his first wife, his wife and her minor child, and himself. The court then found as a fact that the plaintiff's net income, after certain allowable deductions, was $953.00 per month, which the court divided by five, resulting in a quotient of $190.60. The court then found as a fact that the sum of $190.60 per month for the support of each minor child is required in order to maintain these minor children in accordance with the plaintiff's means and condition in life.

The court further found that plaintiff was in arrears for the period beginning with February through July 1963 (notwithstanding the statement in the defendant's motion that payments in the sum of $400.00 per month were paid by the plaintiff through February 1963), and ordered the plaintiff to pay the defendant an additional sum of $1,157.20 for child support from February 1963 through July 1963, and further ordered the plaintiff to pay into the office of the Clerk of the Domestic Relations Court of Forsyth County the sum of $381.20 per month, beginning August 1, 1963 and continuing a like amount on the first day of each and every calendar month thereafter until further order of the court.

The plaintiff appeals, assigning error.

*W. Scott Buck for plaintiff appellant.*
*Clyde C. Randolph, Jr., for defendant appellee.*

DENNY, C.J. It clearly appears from the record herein that the plaintiff and the defendant were legally divorced in an action duly instituted in the Superior Court of Forsyth County, North Carolina, by a decree entered in said action on 28 May 1962; that the motion filed in the cause for an increase in the allowance for the support of the minor children born of the marriage between the plaintiff and the defendant was filed as a motion in the cause in said divorce action as provided by G.S. 50-13. *Weddington v. Weddington,* 243 N.C. 702, 92 S.E. 2d 71; *Story v. Story,* 221 N.C. 114, 19 S.E. 2d 136.

Therefore, the motion to dismiss the defendant's motion on the ground that the court below had no jurisdiction to hear the matter is without merit, and this assignment of error is overruled.

The plaintiff assigns as error the refusal of the court below to strike all of paragraphs 15, 16 and 17 from the defendant's motion in the cause and in admitting in evidence the affidavit of T. F. Spillman in support of said allegations.

These allegations are to the effect that plaintiff's present wife has a minor child by a previous marriage to one T. F. Spillman; that Dorothy J. Spillman, the wife of T. F. Spillman, obtained a "quickie" divorce in Nevada; that said divorce is without legal effect and is invalid for the reason that process was never served on T. F. Spillman and that he made no voluntary appearance in said action through counsel or otherwise. It is further alleged that the marriage between the plaintiff and Dorothy J. Spillman is bigamous and that plaintiff is under no legal obligation to support his purported second wife and her minor child.

The court below denied the motion to strike but held the questions raised in the allegations complained of did not require a ruling with respect to the validity of the marriage between the plaintiff and Dorothy J. Spillman, and assumed that the plaintiff is legally obligated to support himself, his present wife, the former Dorothy J. Spillman, and her 8-year-old-child.

In the hearing below, the court may not have been prejudiced by the above allegations. However, in our opinion, these allegations not being material to a decision in connection with the relief sought, there being no contention that plaintiff is not financially able to provide adequate support for his two minor children by his first marriage, should have been stricken and the affidavit of T. F. Spillman excluded from evidence. G.S. 1-153; *Council v. Dickerson's, Inc.,* 233 N.C. 476, 64 S.E. 2d 554. This assignment of error is sustained.

The right of a married woman to support and maintenance is held in this jurisdiction to be a property right. The right of support being a property right, a wife may release such right by contract in the manner set out in G.S. 52-12. *Kiger v. Kiger*, 258 N.C. 126, 128 S.E. 2d 235, and cited cases.

In the last cited case, we said: "The provisions of a valid separation agreement, including a consent judgment based thereon, cannot be ignored or set aside by the court without the consent of the parties. Such agreements, including consent judgments based on such agreements with respect to marital rights, however, are not final and binding as to the custody of minor children or as to the amount to be provided for the support and education of such minor children. *Holden v. Holden*, 245 N.C. 1, 95 S.E. 2d 118. Otherwise, the parties to a valid separation agreement are remitted to the rights and liabilities under the agreement or the terms of the consent judgment entered thereon. *Lentz v. Lentz*, 193 N.C. 742, 138 S.E. 12; *Brown v. Brown*, 205 N.C. 64, 169 S.E. 818; *Turner v. Turner*, 205 N.C. 198, 170 S.E. 646; *Davis v. Davis*, 213 N.C. 537, 196 S.E. 819; *Holden v. Holden, supra.*"

The plaintiff and the defendant having been divorced, the defendant is not entitled to alimony, and she does not seek such in this case. She must rely upon her rights under the terms of the separation agreement for her own support and maintenance.

We are advertent to the fact that no agreement or contract between husband and wife will serve to deprive the courts of their inherent as well as their statutory authority to protect the interests and provide for the welfare of infants. They may bind themselves by a separation agreement or by a consent judgment, but they cannot thus withdraw children of the marriage from the protective custody of the court. *Story v. Story, supra; S. v. Duncan*, 222 N.C. 11, 21 S.E. 2d 822.

However, we hold that where parties to a separation agreement agree upon the amount for the support and maintenance of their minor children, there is a presumption in the absence of evidence to the contrary, that the amount mutually agreed upon is just and reasonable. We further hold that the court upon motion for an increase in such allowance, is not warranted in ordering an increase in the absence of any evidence of a change in conditions or of the need for such increase, particularly when the increase is awarded solely on the ground that the father's income has increased, therefore, he is able to pay a larger amount.

In the case of *Bishop v. Bishop*, 245 N.C. 573, 96 S.E. 2d 721, this Court said: "Ordinarily, in entering a judgment for the support of a minor child or children, the ability to pay as well as the needs of such

child or children will be taken into consideration. Such decree is subject to alteration upon a change of circumstances affecting the welfare of the child or children. G.S. 50-13; *Griffin v. Griffin* 237 N.C. 404, 75 S.E. 2d 133; *Hardee v. Mitchell, supra* (230 N.C. 40, 51 S.E. 2d 884); *Story v. Story, supra.*"

In *Commonwealth v. Gershman,* 181 Pa. Super. 76, 122 A. 2d 813, the husband and wife entered into a separation agreement in which it was agreed that the wife was to have custody of the two minor children born of the marriage. These children at the time were about six and two years of age. A consent order was entered in the Municipal Court of Philadelphia against the husband in the sum of $50.00 per week for the support of the two minor children. This amount was identical with that mutually agreed upon for the support of these children and incorporated in the separation agreement. Thereafter, the parents were divorced. Later, the wife petitioned the court to increase the amount for the support of these children. The court, upon proof that the take-home pay of the father of the children had increased, entered an order granting a small increase in the weekly allowance for the support of the children. Upon appeal, the Court said: "There is nothing in this record indicating the necessity for any unusual expenditure in the maintenance of these children. * * * Respondent has remarried and now has a wife, and another infant child by this marriage, to support. In determining the amount of an order for the support of children a reasonable allowance should be made for the living expenses of their father in the light of his earnings. Com. ex rel. *Bush v. Bush,* 170 Pa. Super. 382, 86 A. 2d 62. The fact that respondent, after complying with the support order, had but $69 left each week, for the support of his present family, was given no consideration in this proceeding. Moreover, Judge Willits considered that respondent's basic liability was fixed by the agreement at $50 per week and ordered the respondent to pay more, on a showing of an increase in weekly earnings, and on that ground alone. The increase is trivial in amount but there is error of law in the order. * * * In a support proceeding the issue before the court involves a consideration of the needs of the children, and an order for their maintenance in an amount, fair and not confiscatory in the light of the father's earning ability. * * * The needs of the children were not considered in this case and no testimony was taken on that question." The order from which the appeal was taken was set aside and the original order reinstated.

In our opinion, the appellant herein is entitled to another hearing in which the court will take into consideration the earnings of the plaintiff and his living expenses as well as the needs of these minor chil-

dren. Moreover, we do not approve the method used in the court below in arriving at the amount awarded for the support of the minor children involved herein.

Furthermore, the order making the increased allowance retroactive to and including February 1963, without evidence of some emergency situation that required the expenditure of sums in excess of the amounts paid by the plaintiff for the support of his minor children, is neither warranted in law nor equity.

The order entered in the hearing below is vacated and the cause remanded for further findings and determination in accord with this opinion.

Error & remanded.