TIMOTHY ELLENBERGER v. CAROL ELLENBERGER

No. 8229DC976

(Filed 6 September 1983)

**Divorce and Alimony § 25.10— modification of child custody—changed circumstances not shown**

   The custody of a child under a court order could be modified only upon a finding of a substantial change of circumstances affecting the welfare of the child, and the court's finding that the child had lost "the sparkle in his eyes"

was insufficient to support a conclusion that there had been a substantial change in circumstances justifying modification of a custody order.

APPEAL by defendant from *Gash, Judge.* Judgment entered 30 June 1982 in District Court, TRANSLYVANIA County. Heard in the Court of Appeals 23 August 1983.

On 22 July 1981, plaintiff, husband filed a complaint seeking an absolute divorce from his wife and temporary and permanent custody of the two minor children born of the marriage. From the date of the separation of the parties, the minor child, Mark, born 7 May 1972, lived with the defendant, mother, and their older child, Timothy, born 25 July 1969, lived with the plaintiff. On 6 August 1981, after a hearing on the issue of custody, the trial judge entered an order awarding "temporary care, custody, and control" of Mark to the defendant and "temporary care, custody, and control" of Timothy to the plaintiff. This order made no provision for support of either child.

By motions filed 5 February and 12 March 1982, defendant sought an order for support of Mark and reimbursement for expenses she incurred on his behalf since the 6 August 1981 order. On 3 March 1982, after receiving notice of defendant's motion, plaintiff filed a motion seeking to regain custody of Mark. All three motions were heard on 18 May 1982. From an order awarding custody of Mark to the plaintiff, defendant appealed.

*Potts & Welch, by Paul B. Welch, III for the plaintiff, appellee.*

*Margaret McDermott Hunt for the defendant, appellant.*

HEDRICK, Judge.

Defendant assigns as error the court's "modification of a custody decree without finding that there had been a substantial change of circumstances that adversely affected the welfare of the child." She contends that under N.C. Gen. Stat. Sec. 50-13.7(a) the previous order awarding her custody of the child could be modified only upon a showing of changed circumstances and that there was no such showing.

N.C. Gen. Stat. Sec. 50-13.7(a) states that "[a]n order of a court of this State for custody . . . of a minor child may be

modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party. . . ." In *Harris v. Harris*, 56 N.C. App. 122, 286 S.E. 2d 859 (1982) this court reiterated the rule that "the modification of a custody decree must be supported by findings of fact based on competent evidence that there has been a substantial change of circumstances affecting the welfare of the child, and the party moving for such modification assumes the burden of showing such change of circumstances." *Id.* at 124, 286 S.E. 2d at 860 (citations omitted).

Plaintiff contends that the order of 6 August 1981 was interlocutory in nature, and that the requirement of a substantial change of circumstances is inapplicable to such an order. He argues that the "initial custody order . . . is clearly denominated 'temporary.'" While it is true that the 6 August 1981 order has some characteristics of a "temporary" order, we note that all orders awarding custody are in a sense "temporary." It is well-established that a court decree awarding custody of a minor child is never final in nature. "Such a decree determines only the *present rights* with respect to such custody. . . ." *Neighbors v. Neighbors*, 236 N.C. 531, 533, 73 S.E. 2d 153, 154 (1952) (emphasis added) (citations omitted).

The evidence in the present case tends to show that Mark, the minor child, remained with defendant when she and her husband first separated, and that this arrangement was continued by the order of 6 August 1981. Plaintiff made no contribution to Mark's support after defendant was awarded custody of the child, according to the record, and plaintiff sought modification of the custody order only after defendant sought child support. The court found as a fact that both parents were "fit and proper persons to exercise custody." The court also found, however, that "prior to August of 1981, Mark was a friendly outgoing child with a 'sparkle in his eyes.' That from August of 1981 until the hearing on May 18, 1982, Mark has become somewhat subdued and was more quiet and reserved than he had been prior to leaving Transylvania County. That the 'sparkle' is gone."

Plaintiff contends in his brief that the court's finding of fact, set out above, that "the sparkle is gone" is sufficient support for a conclusion that there had been substantial change in circumstances, justifying modification of the custody order. We note

that the trial judge failed to make a finding or conclusion regarding the presence or absence of a substantial change in circumstances. Moreover, we find little evidentiary support in the record for any such finding or conclusion. Plaintiff seemed satisfied with the arrangement that allowed Mark to remain in the defendant's custody so long as he was not required to contribute to the child's support. Furthermore, only six months elapsed between the first order that gave custody of Mark to the defendant and her motion in the cause seeking support for the child from the plaintiff. The trial court's finding of fact regarding "the sparkle in Mark's eyes" is insufficient to establish the substantial change in circumstances contemplated by the law. The requirement of substantial change is an effort to lend "such stability as would end the vicious litigation so often accompanying such contests. . . ." *Shepherd v. Shepherd,* 273 N.C. 71, 75, 159 S.E. 2d 357, 361 (1968). To permit modification of the original order based on the findings and conclusions in the present case would defeat that purpose and contravene the law. We therefore vacate that portion of the order entered 30 June 1982 awarding custody of Mark to the father, and reinstate that portion of the original order awarding custody of Mark to the mother. That portion of the order entered 30 June 1982 requiring plaintiff to reimburse defendant in the amount of $1,405.75, requiring him to pay child support in the amount of $150.00 per month, and requiring him to pay $500.00 as partial attorney's fees is hereby affirmed.

Vacated in part, affirmed in part.

Judges WELLS and PHILLIPS concur.