JEAN L. SIKES v. JAMES M. SIKES

No. 282A90

(Filed 10 January 1992)

1. **Divorce and Separation § 392 (NCI4th) — interim child support order — permanent retroactive order**

    A district court may enter an interim order for child support in which it contemplates entering a permanent order at a later time and may at such later time enter an order retroactive to the earlier order which requires larger child support payments than originally required. Since the time the permanent order was entered was the first time a determination on the merits of the issue of child support was made, no showing of an emergency situation or change of circumstances was necessary and the statute prohibiting the modification of past due child support payments did not come into play. N.C.G.S. § 50-13.1.

    **Am Jur 2d, Divorce and Separation §§ 1035, 1052.**

2. **Divorce and Separation § 392 (NCI4th) — interim child support order — subsequent permanent order — retroactive payment for special education**

    Where the court entered an interim order for child support which contemplated entry of a permanent order at a later time, the permanent order could properly require defendant to pay retroactively a portion of the costs for special education received by one of the children.

    **Am Jur 2d, Divorce and Separation § 1045.**

SIKES v. SIKES

[330 N.C. 595 (1992)]

3. **Divorce and Separation § 554 (NCI4th)— child support— attorney fees—refusal to provide adequate support**

Although the evidence showed that defendant had paid the amount of child support that he had been ordered to pay by an interim order, the court's finding that he had refused to provide adequate child support was supported by evidence that defendant refused to pay the amount set by the court as adequate until he was ordered to do so by the court.

**Am Jur 2d, Divorce and Separation § 1056.**

Justice MITCHELL dissenting.

Justices MARTIN and MEYER join in this dissenting opinion.

APPEAL by the defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 98 N.C. App. 610, 391 S.E.2d 855 (1990), affirming an order of *Leonard, J.,* entered on 6 February 1989 in District Court, WAKE County. Heard in the Supreme Court 15 November 1990.

This is an appeal by the defendant from a decision of the Court of Appeals which held that the district court did not err in entering an order for retroactive child support. The parties to this action had been married but are now divorced. Four children were born to the marriage.

On 21 August 1986 the plaintiff brought an action for custody of the children and for child support. The defendant filed an answer, and the matter came on for hearing in October of 1986 in Wake County District Court before Judge L. W. Payne. The record does not disclose the contents of that hearing. In January of 1987, Judge Payne sent notice to the parties' attorneys that an order was due and should be presented to the court by 20 February 1987. On 23 February 1987 Judge Payne ordered counsel to appear in court to report the status of the case and the reason for the order not having been drafted. Thereafter, counsel met in chambers with Judge Payne, who signed an interim order on 10 March 1987 as follows:

Upon a conference in Chambers with Counsel for the Plaintiff and the Defendant, on March 6, 1987, and upon representations that the custody of the two minor children Derick Brendon Sikes and Warren James Sikes will be transferred to the Plaintiff, the undersigned Judge of the District Court of Wake Coun-

ty, North Carolina, is of the opinion that an Interim Order regarding custody and support of the two minor sons of the parties, Derick Brendon Sikes and Warren James Sikes, should be entered, pending further negotiations and possible agreement between the parties on certain matters.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED:

1. That upon entry of this order, the Defendant shall physically transfer custody of the two minor sons to the Plaintiff.

2. The Defendant, by consent, shall pay to the Plaintiff for the support and maintenance of the two minor children, the sum of $200 per month per child, commencing with the entry of this Order for March, 1987, and a like sum on or before the 10th day of each and every month thereafter until an agreement between the parties with respect to an appropriate level of child support can be reached, or absent such agreement, until further Orders of this Court. The said monthly amount specified herein shall be without preference or prejudice as to a subsequent determination of an appropriate level of child support.

3. The parties and their respective Counsel are instructed to immediately negotiate and diligently attempt to reach an agreement with respect to an appropriate level of monthly child support, an apportionment of unreimbursed hospital, medical and dental expenses, and an apportionment of the expenses of psychological counseling currently being provided by Ms. Rosie Zeigler.

4. In the absence of such agreement, and upon motion of either party, this Court will make such determination of child support and apportionment of hospital, medical, dental, and psychological expenses on March 20, 1987, based upon the financial circumstances at that time and enter an Order.

The parties again failed to come to an agreement on the issue of child support. A hearing was held on 22 October 1987 before Judge Jerry W. Leonard. At the close of the second day of testimony, the matter had not concluded and was continued. Hearing of the case was not resumed until 5 January 1988, when the hearing was concluded. The trial court received evidence concerning the parties' respective present incomes and expenses, actual past and

present expenses of the children, the youngest son's educational needs, and other evidence. On 2 March 1989, Judge Leonard entered an order making findings and conclusions and ordering the defendant (1) to pay child support in the amount of $300.00 per month per child, (2) to pay $4,600.00 in back child support dating from March 1987, (3) to provide insurance coverage for the parties' children and be responsible for all costs of medical and dental care not covered by insurance, (4) to contribute to the private school expenses incurred for the youngest son from March 1987 through completion of the school year in 1988, and (5) to pay a portion of the plaintiff's attorney's fees. The defendant appealed.

The Court of Appeals affirmed the order of the district court with one judge dissenting. The defendant appealed to this Court.

*Donald H. Soloman, P.A., for plaintiff appellee.*

*Ragsdale, Kirschbaum, Nanney, Sokol & Heidgerd, P.A., by William L. Ragsdale, C. D. Heidgerd, and Connie E. Carrigan, for defendant appellant.*

WEBB, Justice.

[1] The question posed by this appeal is whether a district court may enter an interim order for child support in which it contemplates entering a permanent order at a later time and at such later time enter an order retroactive to the earlier order which requires larger child support payments than originally required. We hold that a district court may do so.

It is clear from reading Judge Payne's order that the order was not intended to determine the issue of child support. It set an amount of child support which was consented to by the parties in contemplation of setting a different amount if the parties could agree upon such an amount and if they could not agree, child support would be set by the court after a hearing. We hold that this was within the court's jurisdiction.

The defendant argues that he paid all he was required to pay under the order of 10 March 1987 and he cannot be ordered to pay more. The defendant relies on N.C.G.S. § 50-13.10 which provides in part as follows:

> (a) Each past due child support payment is vested when it accrues and may not thereafter be vacated, reduced, or otherwise modified in any way for any reason[.]

The defendant argues that pursuant to this section, when each payment he has made became due it vested and could not be modified. The defendant also relies on *Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E.2d 487 (1963), for the proposition that a court may not order an increase in child support retroactively without some evidence of an emergency situation and on *Ellenberger v. Ellenberger*, 63 N.C. App. 721, 306 S.E.2d 190, *reversed in part; affirmed in part,* 309 N.C. 631, 308 S.E.2d 714 (1983), for the proposition that there must be a showing of a change in circumstances before child support payments may be changed. Neither *Fuchs, Ellenberger* nor N.C.G.S. § 50-13.10 are applicable to this case. We agree with the Court of Appeals that at the time the order of Judge Leonard was entered in March of 1989, it was the first time a determination on the merits of the issue of child support was made. The amount of child support was fixed at this time. No showing of an emergency situation or a change in circumstances as required by *Fuchs* and *Ellenberger* was necessary. Until a final order was entered as to child support N.C.G.S. § 50-13.10 did not come into play.

The defendant also argues that the district court ordered him to pay arrearages which it could not do. He says an arrearage in child support is an amount of child support which is overdue and unpaid, which is not the case in this action. We agree with the Court of Appeals that reference in the order to arrearages was a misnomer which did not prejudice the defendant.

[2] The defendant also argues that it was error to order him to pay a portion of the costs for special education for one child of the parties. There was evidence that one of the children of the parties suffered with a mild mental retardation and needed special education in a private school. The court ordered the defendant to pay in part for the special education which the child had received.

The defendant argues that for the same reasons the court could not order him to increase his child support payments retroactively, it could not order him to pay retroactively for this special education. We agree with the defendant that the same principles apply to the order for retroactive child support and the order to pay for the special education the child had received. For that reason, it was not error for the court to order the defendant to pay for the special education.

[3] The defendant next contends that it was error to require him to pay a part of the plaintiff's attorney fees. He argues that pursuant to N.C.G.S. § 50-13.6, when an action involves only child support the court must find as facts that (1) a party is acting in good faith, (2) has insufficient means to defray the expense of the suit, and (3) the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action. *See Hudson v. Hudson*, 299 N.C. 465, 263 S.E.2d 719 (1980). The court made findings of fact which would support the award of attorney fees to the plaintiff. The defendant argues that there was not evidence to support a finding of fact that he had refused to provide adequate child support because the evidence showed he had paid the amount of child support that he had been ordered to pay. It is undisputed in this case that the defendant refused to pay the amount set by the court as adequate until he was ordered to do so by the court. This supports this finding of fact.

The defendant also argues that before ordering him to pay attorney fees the court should have made some finding as to his ability to pay. He cites no authority for this proposition. The court made extensive findings of fact as to the income and expenses of both parties. These findings of fact demonstrate that the defendant has the ability to pay as ordered by the court.

The decision of the Court of Appeals is affirmed.

Affirmed.

Justice MITCHELL dissenting.

I believe the Court of Appeals erred in affirming the trial court's order directing that the defendant pay "past-due" child support of $100 per month per child for two children from March 1987 to March 1989. The applicable statute expressly provides that: "Each past due child support payment is vested when it accrues and may not thereafter be vacated, reduced, or *otherwise modified in any way for any reason* in this State or any other state. . . ." N.C.G.S. § 50-13.10(a) (1987) (emphasis added). Other courts which have considered the issue have disallowed retroactive modification of court-ordered child support. *See* Emile F. Short, Annotation, *Retrospective Increase in Allowance for Alimony, Separate Maintenance, or Support*, 52 A.L.R.3d 156 (1973). Our statute,

## SIKES v. SIKES

[330 N.C. 595 (1992)]

N.C.G.S. § 50-13.10, requires the same result. Further, even before the most recent modification of that statute, North Carolina law provided that where, as here, parties have entered into a consent order providing for the custody and support of their children, any modification of such order must be based upon a showing of substantial change in circumstances affecting the welfare of the children. *Woncik v. Woncik*, 82 N.C. App. 244, 346 S.E.2d 277 (1986). No such showing or finding of a substantial change was made in this case.

Further, the defendant in the present case paid each child support payment as it became due and vested. When the trial court entered its order modifying the defendant's obligation for child support, it was faced with a situation in which neither any arrearages nor any past-due child support payments were involved. The defendant had fully complied with the earlier order for child support and had made each child support payment when it became due and vested. Therefore, the trial court was without authority to retroactively modify its earlier order of child support. *See id.;* *see generally Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E.2d 487 (1963).

I believe the Court of Appeals also erred in affirming the trial court's award of attorney's fees in this case. Before a trial court may award attorney's fees in a support action, there must be evidence and the court must find that the party ordered to furnish support refused to provide support which was adequate under the circumstances at the time the action was instituted. *Hudson v. Hudson*, 299 N.C. 465, 263 S.E.2d 719 (1980); N.C.G.S. § 50-13.6 (1987). Here, the trial court failed to find the amount of support which was adequate at the time the action was instituted. At the time this action was instituted, the defendant had all of the children of his marriage to the plaintiff in his care and custody. No evidence tends to show that the defendant failed to provide adequate support or that he had any obligation to pay the plaintiff any amount for child support at the time the action was instituted. Therefore, the trial court erred in ordering the defendant to pay the plaintiff's attorney's fees.

For the foregoing reasons, I dissent from the decision of the majority affirming the decision of the Court of Appeals.

Justices MEYER and MARTIN join in this dissenting opinion.