STATE OF NORTH CAROLINA, EX REL., AUDREY A. FISHER, PLAINTIFF-APPELLANT V.
JAMES LUKINOFF, DEFENDANT-APPELLEE

No. COA97-1564

(Filed 15 December 1998)

### 1. Child Support, Custody, and Visitation— support— Guidelines—deviation—findings

The trial court erred in a child support order by deviating from the Guidelines without sufficient findings of fact where it failed to include any findings regarding the child's reasonable needs, including his education, maintenance, or accustomed standard of living; made no findings concerning plaintiff's evidence of actual past expenditures on the child's behalf; and did not indicate that the court considered whether the presumptive amount would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support or would otherwise be unjust or inappropriate.

### 2. Child Support, Custody, and Visitation— support—from date of complaint—not awarded—findings required

The trial court erred in a child support action by failing to make findings of fact supporting its decision not to award child support as of the date plaintiff filed her complaint.

### 3. Child Support, Custody, and Visitation— support—reimbursement for past expenditures denied—findings required

The trial court erred in a child support action by not awarding reimbursement for past expenditures without adequate findings. As plaintiff put forth ample evidence of her actual expenditures on the child's behalf, the court may not simply "decline" to award retroactive child support unless its findings support that plaintiff is not so entitled. The court's order contains no findings relating to plaintiff's actual expenditures, the reasonableness thereof, or defendant's ability to pay.

Appeal by plaintiff Audrey A. Fisher from judgment filed 15 August 1997 by Judge James E. Lanning in Mecklenburg County District Court. Heard in the Court of Appeals 15 September 1998.

**STATE EX REL. FISHER v. LUKINOFF**

[131 N.C. App. 642 (1998)]

*Michael F. Easley Attorney General, by Robert A. Crabill, Associate Attorney General, for plaintiff-appellant.*

*Nicholas Street Law Offices, by Edgar Bogle, for defendant-appellee*

SMITH, Judge.

Plaintiff Audrey A. Fisher (Fisher) appeals the district court's child support order on the grounds that the court did not make sufficient findings of fact under N.C. Gen. Stat. § 50-13.4 (1997) to support a child support award deviating from the North Carolina Child Support Presumptive Guidelines (Guidelines). Plaintiff also contends the court erred in failing to award child support effective as of the filing date of her complaint, and by declining to award reimbursement for past child support actually expended by plaintiff. For reasons stated below, we reverse the court's order and remand for further findings of fact.

Fisher resides in Mecklenburg County, North Carolina with her only child, Christian Graham Fisher, born 22 December 1985. On behalf of plaintiff, the State of North Carolina filed the instant action 4 January 1996 seeking child support for the minor child, reimbursement for prior expenses and adjudication of paternity. Subsequently, defendant James Lukinoff (Lukinoff) acknowledged he was Christian's father, and an Order of Paternity was entered 30 September 1996. The remaining issues in plaintiff's complaint were heard 13 November 1996.

At the hearing, plaintiff presented testimony about her income and introduced, without objection, a twenty-nine page summary of expenses made on behalf of her minor child. Defendant presented oral testimony as to his income and expenses. Upon consideration of the evidence, the court made the following findings of fact:

4. The plaintiff has normally had gross monthly income of $2,270. However, she was recently laid off and presently has as her only income unemployment benefits of $225 per week. She incurs work-related child care expenses of $197.50 per month, of which 75% is $148.12. She also incurs an expense of $78.78 for health insurance for the child.

5. The defendant has variable income as a truck driver. Based on the most recent income documentation which he submitted, his average gross monthly income is $2,930. He has no other children

but claims as an extraordinary expense the medical expenses related to his wife's treatment for pancreatic cancer, of $200 per month. She has no income other than $506 in disability benefits. His home mortgage payment is $629 per month and he has monthly payments on two 1994 Pontiac Grand Am autos totalling $709 per month.

6. The presumptive amount under the current child support guidelines is approximately $505 per month whether based on the plaintiff's unemployment benefits and no child care expense or based on her normal income of $2,270 with the child care expense, and in neither case considering any extraordinary expenses for the defendant.

7. Based on the condition of the defendant's wife, the court will deviate from the guidelines and finds that $50 per month is a reasonable amount of support.

The court then ordered defendant to pay as ongoing child support the sum of fifty dollars ($50.00) per month commencing 14 November 1996. In addition, the court awarded no child support for the time period between the filing of plaintiff's complaint and the date of trial, and "decline[d] to make any award for reimbursement of past child care expenses incurred by the plaintiff." Plaintiff filed timely notice of appeal 12 September 1997.

[1] Plaintiff first contends that under N.C. Gen Stat. § 50-13.4(c) (1997) the trial court erred in deviating from the child support Guidelines in ordering defendant to pay fifty dollars ($50.00) per month because the court's findings of fact do not support the conclusions of law made in its order. We agree.

A trial court's deviation from the Guidelines is reviewed under an abuse of discretion standard, see Coble v. Coble, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980), and its determination as to the proper amount of child support will not be disturbed on appeal absent a clear abuse of discretion, i.e. only if "manifestly unsupported by reason." Plott v. Plott, 313 N.C. 63, 69, 326 S.E.2d 863, 868 (1985) (citations omitted). However, the court must make adequate findings of the specific facts supporting its ultimate decision in a case to enable a reviewing court to determine from the record "whether the judgment—and the legal conclusions which underlie it—represent a correct application of the law." See Coble, 300 N.C. at 712, 268 S.E.2d at 189. Thus, to determine whether the trial court abused its discretion in computation of a child

support award deviating from the Guidelines, its findings of fact must show justification for the deviation and a basis for the amount ordered. *See Gowing v. Gowing*, 111 N.C. App. 613, 618-19, 432 S.E.2d 911, 914 (1993).

N.C. Gen. Stat. § 50-13.4(c) provides: "[t]he court shall determine the amount of child support payments by applying the presumptive guidelines." Nevertheless, the trial court may deviate from the presumptive amount if:

after considering the evidence, the [c]ourt finds by the greater weight of the evidence that the application of the guidelines would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support or would be otherwise unjust or inappropriate . . . .

N.C. Gen. Stat. § 50-13.4(c).

In finding "the facts relating to the reasonable needs of the child for support and the relative ability of each parent to provide support," the trial court must consider:

the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.

N.C. Gen. Stat. § 50-13.4(c1). These "factors should be included in the findings if the trial court is requested to deviate from the [G]uidelines." *See Gowing*, 111 N.C. App. at 618, 432 S.E.2d at 914; *see also Guilford County ex rel. Easter v. Easter*, 344 N.C. 166, 171-72, 473 S.E.2d 6, 9 (1996); *Coble*, 300 N.C. at 712, 268 S.E.2d at 189 (trial court's conclusions of law "must themselves be based upon factual findings specific enough to indicate to the appellate court that the judge below took 'due regard' of the particular 'estates, earnings, conditions, [and] accustomed standard of living' of both the child and the parents") (citations omitted).

In the case *sub judice*, the court's findings lack the specificity necessary to justify its deviation from the presumptive Guidelines. While the trial court made findings relating to child care contributions, health insurance costs, and the relative ability of each party to pay, it failed to include any findings regarding Christian's reasonable needs, including his education, maintenance, or accustomed standard

of living—factors which "should be included in the findings if the trial court is requested to deviate from the [G]uidelines." *See Gowing,* 111 N.C. App. at 618, 432 S.E.2d at 914; *see also* N.C. Gen. Stat. § 50-13.4(c) ("[i]f the court orders an amount other than the amount determined by application of the presumptive [G]uidelines, the court shall make findings of fact as to the criteria that justify varying from the [G]uidelines"). An award other than that set forth in the Guidelines is proper only when the trial court determines that the greater weight of the evidence establishes "the [G]uidelines would not meet or would exceed the *reasonable needs of the child* considering the relative ability of each parent to provide support or would be otherwise unjust or inappropriate." N.C. Gen. Stat. § 50-13.4(c) (emphasis added); *see also Easter,* 344 N.C. at 169, 473 S.E.2d at 8.

Furthermore, we note that the court made no findings concerning the evidence introduced by plaintiff of her actual past expenditures made on Christian's behalf, despite the fact that "[e]vidence of actual past expenditures is essential in determining [a child's] present reasonable needs." *Savani v. Savani,* 102 N.C. App. 496, 503, 403 S.E.2d 900, 904 (1991). Instead, the court reasoned that "[b]ased on the condition of defendant's wife, the court will deviate from the [G]uidelines." The findings do not therefore indicate that in electing to deviate from the Guidelines, the court considered whether the presumptive amount of $505 dollars per month "would not meet or would exceed the *reasonable needs of the child* considering the relative ability of each parent to provide support or would be otherwise unjust or inappropriate," as explicitly required by N.C. Gen. Stat. § 50-13.4(c). *See* N.C. Gen. Stat. § 50-13.4(c) (emphasis added); *see also Easter,* 344 N.C. at 169-70, 473 S.E.2d at 8; *Atwell v. Atwell,* 74 N.C. App. 231, 234, 328 S.E.2d 47, 49 (1985) (An order for child support must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to meet the reasonable needs of the child and (2) the relative ability of the parties to provide that amount). As such, the trial court erred by failing to make adequate findings of fact to justify deviation from the presumptive Guidelines in its award of prospective child support.

[2] Similarly, we agree with plaintiff's next argument that the trial court erred by failing to make findings of fact supporting its decision not to award child support as of the date plaintiff filed her complaint in this matter.

This Court has held for purposes of computing child support, the portion of the award "representing that period from the time a com-

plaint seeking child support is filed to the date of trial," is "in the nature of prospective child support." *See Taylor v. Taylor*, 118 N.C. App. 356, 361, 455 S.E.2d 442, 446 (1995), *rev'd on other grounds*, 343 N.C. 50, 468 S.E.2d 33 (1996); *see also Tidwell v. Booker*, 290 N.C. 98, 116-17, 225 S.E.2d 816, 827 (1976) (awarding prospective child support from date of filing of complaint forward and retroactive child support for period before filing of complaint); *cf. Hill v. Hill*, 335 N.C. 140, 143-45, 435 S.E.2d 766, 768 (1993) (trial court's order modifying alimony from date the matter was first noticed for hearing is not a retroactive modification). Since prospective child support is to be awarded for the time period between the filing of a complaint for child support and the hearing date, Section 50-13.4(c) applies and requires application of the Guidelines with respect to that period (specifically here, 4 January 1996 to 13 November 1996). *See Shaw v. Cameron*, 125 N.C. App. 522, 527, 481 S.E.2d 365, 368 (1997); *see also Taylor*, 118 N.C. App. at 362, 455 S.E.2d at 446. Thus, the court must make adequate findings to justify deviating from the Guidelines for the time period between the filing of plaintiff's complaint and the hearing date, as it was required to make findings to "justify varying from the guidelines" in its award of child support commencing 14 November 1996. *See* N.C. Gen. Stat. § 50-13.4(c).

As we hold that the trial court did not determine Christian's reasonable needs including his education, maintenance, or accustomed standard of living in deviating from the Guidelines in its award of child support commencing 14 November 1996, the court's failure to provide child support for the time period between plaintiff's filing of her complaint and the trial date is also not adequately justified to support deviation from the Guidelines. We therefore remand to the trial court for findings concerning the "reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case." N.C. Gen. Stat. § 50-13.4(c1).

[3] Finally, plaintiff asserts the trial court's findings are inadequate to support the court's conclusion "declining to award reimbursement for any past expenditures" paid by plaintiff on Christian's behalf before she filed her complaint. Again, we agree.

An amount of child support awarded prior to the date a party files a complaint therefor is properly classified as retroactive child support, *see Savini*, 102 N.C. App. at 501-02, 403 S.E.2d at 903, and is not

based on the presumptive Guidelines. *See Lawrence v. Tise*, 107 N.C. App. 140, 151, 419 S.E.2d 176, 183 (1992). Rather, retroactive child support is calculated by considering reasonably necessary expenditures made on behalf of the child by the party seeking support, and the defendant's ability to pay during the period in the past for which retroactive support is sought. *See Savini*, 102 N.C. App. at 501-02, 403 S.E.2d at 903; *see also Tise*, 107 N.C. App. at 151, 419 S.E.2d at 183; *Taylor*, 118 N.C. App. at 361, 455 S.E.2d at 446. The party (here, plaintiff) seeking retroactive child support must present sufficient evidence of actual expenditures made on behalf of the child, and that those expenditures were reasonably necessary. *See Savini*, 102 N.C. App. at 501, 403 S.E.2d at 903.

Once proof of reasonably necessary actual expenditures under N.C. Gen. Stat. § 50-13.4(c) is made, the trial court must reimburse plaintiff for her past expenditures: "(1) to the extent she paid father's share of such expenditures, and (2) to the extent the expenditures occurred three years or less before . . . the date she filed her claim for child support." *See Napowsa v. Langston*, 95 N.C. App. 14, 21, 381 S.E.2d 882, 886, *disc. review denied*, 325 N.C. 709, 388 S.E.2d 460 (1989). In making its reimbursement award for retroactive support, a trial court must make specific factual findings. *See Sloan v. Sloan*, 87 N.C. App. 392, 398, 360 S.E.2d 816, 821 (1987).

In the instant case, the trial court's findings lack any reference to reasonable actual expenditures made by plaintiff over the three-year time period prior to the filing of her complaint, despite the fact that plaintiff submitted to the court a twenty-nine page affidavit summary of expenses made on Christian's behalf from 1 January 1993 through 13 November 1996. The court simply stated that it "declines to make any award for reimbursement of past child care expenses incurred by the plaintiff."

As the plaintiff put forth ample evidence of her actual expenditures on Christian's behalf, the court's findings must support its conclusion that she is, in essence, entitled to no sum of reimbursement. *See Savani*, 102 N.C. App. at 502, 403 S.E.2d at 904; *McCullough v. Johnson*, 118 N.C. App. 171, 172, 454 S.E.2d 697, 698 (1995) ("[f]indings in support of an award of retroactive child support must include the actual expenditures made on behalf of the child"); *cf. Tise*, 107 N.C. App. at 152, 419 S.E.2d at 184 ("In determining the non-custodial parent's share of the custodial parent's reasonable actual expenditures in a retroactive support action, the trial court should consider

the relative abilities of the parents to pay support (considering the estates, earnings, and the reasonable expenses of the parents) and any 'indirect support' made by either parent for the child during the period in question") (citations omitted). The trial court may not simply "decline" to award plaintiff retroactive child support unless its findings support that plaintiff is not so entitled. *See Rawls v. Rawls*, 94 N.C. App. 670, 675, 381 S.E.2d 179, 182 (1989) ("[r]etroactive child support payments are recoverable for amounts actually expended on the child's behalf"). As the court's order contains no findings relating to plaintiff's actual expenditures, to the reasonableness thereof, or to the defendant's ability to pay during the three-year period at issue (including the extent to which plaintiff paid defendant's share), its findings are insufficient to support its conclusion that plaintiff should receive no amount of reimbursement from defendant. We therefore remand to the trial court for further findings relating to retroactive child support.

In sum, the trial court's order contains insufficient findings to support its conclusions of law concerning the amount of both prospective and retroactive child support plaintiff may be entitled to receive from defendant.

Reversed and remanded.

Judges GREENE and TIMMONS-GOODSON concur.