PATRICIA CHILDRESS COLE, Plaintiff v. EDDY DEAN COLE, Defendant

No. COA01-284

(Filed 19 March 2002)

**Child Support, Custody, and Visitation— support—modification of temporary amount**

The trial court did not err in a child support case by awarding plaintiff mother child support from the date of the filing of plaintiff's complaint even though defendant husband contends the 3 June 1999 consent order constituted a prior child support order and could not be modified retroactively absent a finding by the trial court that a sudden financial emergency existed requiring plaintiff to expend sums in excess of the existing child support

order, because: (1) the trial court's consent order was not intended as a final determination on the issue of child support, but merely set a temporary amount of child support that was consented to by the parties in contemplation of setting a different amount at a later time after a hearing; (2) the order's temporary nature made it subject to subsequent modification; and (3) as no final determination on the merits of the issue of child support had previously been made and no hearing on the issue of child support had previously been held, the trial court was required under N.C.G.S. § 50-13.4(c) to apply the child support guidelines in awarding prospective child support as of 8 February 1999, the time plaintiff's complaint for child support was filed.

Appeal by defendant from orders entered 22 December 2000 and 25 January 2001 by Judge V. Bradford Long in District Court, Randolph County. Heard in the Court of Appeals 30 January 2002.

*William H. Heafner, for the plaintiff-appellee.*

*Stephen S. Schmidly, for the defendant-appellant.*

WYNN, Judge.

Defendant appeals from the trial court's entry of a child support order on 22 December 2000, as amended by a subsequent order filed on 25 January 2001. Defendant argues that the trial court impermissibly awarded plaintiff a retroactive increase in the amount of a pre-existing child support obligation. We disagree.

Plaintiff and defendant were married on 14 September 1975 and separated on 4 January 1999. Four children were born of the marriage, including three children who were minors as of the date of the parties' separation. On 8 February 1999, plaintiff filed an action for custody and support of the minor children. Defendant answered, and on 1 June 1999 the parties filed a Memorandum of Order whereby defendant agreed to pay plaintiff $125.00 per week for child support beginning on 4 June 1999. On 3 June 1999, the trial court, per Judge William M. Neely, entered a Consent Order providing in part as follows:

[I]t . . . appearing to the Court that the Plaintiff and Defendant having settled all current issues for hearing as shown in the attached Memorandum of Order and based upon said Memorandum of Order and the pleadings in this case, the

COLE v. COLE

[149 N.C. App. 427 (2002)]

Court enters the following Order by and with the consent of the parties:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:

> 1. This Order is temporary and entered without prejudice to either party.
>
> . . .
>
> 4. The Defendant shall pay One Hundred Twenty-Five Dollars ($125.00) per week for child support beginning on Friday, June 4, 1999. The payments shall be made into the Office of the Clerk of Superior Court of Randolph County.
>
> . . .
>
> 7. The Court reserves the right to modify this Order based upon the future circumstances of the parties.

Subsequently, Judge Neely entered an Inactive Order on 27 June 2000 providing as follows:

> It appearing to the undersigned that this is a domestic relations case in which a Temporary Order has been entered and the parties continue to function under said Temporary Order and do not appear at this time to desire a final hearing on the merits.
>
> It is now therefore ordered that this case be placed on the inactive docket and removed from the ready calendar.

On 22 December 2000, the trial court, per Judge V. Bradford Long, entered a Child Support Order providing in part as follows:

> THIS MATTER, coming on to be heard before the Honorable V. Bradford Long, District Court Judge presiding in Judicial District 19B, and being heard in Randolph County, North Carolina, on December 1, 2000 upon the complaint of the Plaintiff for child support filed in this matter on February 8, 1999. . . . .
>
> The Court makes the following findings of fact by the greater weight of the evidence based upon the matters established of record and the stipulations of the parties.
>
> . . .
>
> 4. That the plaintiff filed a complaint on February 8, 1999, which was served upon the defendant on February 8, 1999 . . . . This

complaint, in part, prayed the court to enter an award of child support in favor of the plaintiff against the defendant for the use and benefit of the minor children of the parties.

5. That the parties entered into a memorandum of judgment contained on AOC Form CV220, which was filed in this matter on June 1, 1999. . . . Judge Neely indicated by his notation on the order that he did not examine the parties in open court as to their understanding of the memorandum. . . . .

6. In paragraph 1 of the memorandum of judgement it is noted:

"1. This order is temporary and entered without prejudice to either party."

The order further recites in paragraph 4:

"4. The Defendant shall pay $125.00 per week for child support beginning on Friday, June 4, 1999. The payments shall be made through the office of the Clerk of Superior Court of Randolph County."

7. The parties at this [1 December 2000] hearing, stipulated to the amount of support due from the defendant to the plaintiff under the North Carolina Child Support Guidelines. A copy of worksheet A, which is stipulated to by both the plaintiff and the defendant, is attached to this order and incorporated by reference . . . herein.

8. The parties further stipulate neither the plaintiff nor the defendant have made any motion to deviate from the North Carolina Child Support Guidelines.

9. The parties stipulate the only issue to be determined by the Court is the effective date of the application of the guidelines amount of child support.

A. The defendant contends: The holdings of Fuchs v[.] Fuchs, 260 N.C. 635, 133 S.E.2d 487 (1963), and Biggs v. Greer, 136 N.C. App. 294, 524 S.E.2d 577 (2000), control so that the support sought by the plaintiff from the date of the filing of the complaint through the date of the entry of the [3 June 1999 temporary consent] order is retrospective support because of the entry of the temporary child support order.

B. The plaintiff contends that the holding in State ex. rel. Fisher v. Lukinoff, 131 N.C. App. 642, 507 S.E.2d 591 (1998),

control[s] so that the child support requested since the filing of the complaint [on 8 February 1999] through the date of the entry of the [3 June 1999 temporary consent] order is prospective support and the Court is bound to order this support as there has not been a motion to deviate from the guidelines.

10. The Court takes judicial notice that the common standard and practice in Judicial District 19-B is that parties enter a temporary order prior to the Court hearing any evidence, which typically provides for some form of support for minor children from parents not living in the home with their children and some form of time sharing or visitation between minor children and both parents. These orders are entered without the Court making any findings of fact and are entered without prejudice to either party[,] . . . [t]hus allowing the parties to ask the Court to enter an initial award without showing a substantial change of circumstances. This temporary order was entered with regard to: children's primary residence, child support, visitation with defendant and counseling for minor children.

11. . . . This court determines as a matter of law that the child support order should be entered prospectively from the date of the filing of the complaint and that the entry of the temporary child support order is not a bar to this court entering the initial child support order on December 1, 2000, prospectively from the filing of the complaint [on 8 February 1999].

12. The parties further stipulate at the time the temporary child support order was entered the child support guidelines were not applied.

Based upon these findings, the trial court concluded that defendant's ongoing child support obligation, under North Carolina's Child Support Presumptive Guidelines, 2002 Ann. R. N.C. 33 (Guidelines), is $824.00 per month. The trial court further concluded:

3. The temporary order entered June 1, 1999, was not an initial child support award and was entered without prejudice to either party and is not a bar to the court awarding child support prospectively from the date of the filing of the complaint.

4. The Court is required to run the child support obligation prospectively from the date of the filing of the complaint under

the holding of the State ex. rel[.] Fisher v. Lukinoff, 131 N.C. App. 642, 507 S.E.2d 591 (1998) case.

5. The application of the . . . Guidelines since the date of the filing of the Complaint through the date of the hearing requires a total amount of support to be paid in the amount of $18,264.20.

6. The defendant is entitled to a credit for support paid under the Temporary Support Order in the total amount of $9,750.00.

7. The defendant's arrearage, after giving credit for support paid under the temporary order upon prospective application of the . . . Guidelines is $8,514.20.

Accordingly, the trial court ordered defendant to pay plaintiff child support in the ongoing amount of $842.00 monthly beginning as of the date plaintiff filed her complaint, 8 February 1999. The trial court also established defendant in arrears in the amount of $8,514.20 as of 1 December 2000, and ordered defendant to pay an additional $150.00 monthly until such time as the $8,514.20 arrearage is reduced to zero. Defendant subsequently moved to amend the 22 December 2000 order, and on 25 January 2001 the trial court filed an order amending the 22 December 2000 order by adding a finding of fact and conclusion of law that there had been no extraordinary sudden financial emergency between the entry of the temporary support order and the 1 December 2000 hearing. Defendant appeals.

Defendant brings forth six assignments of error on appeal. However, defendant has abandoned his first assignment of error by failing to argue it in his brief. See N.C.R. App. P. 28(b)(6) (2002).

The remainder of defendant's assignments of error are encompassed in the single argument in his brief contending that the trial court "erred in awarding the plaintiff retroactive child support from the date of the filing of the plaintiff's complaint[.]" The basis for defendant's contention is that the 3 June 1999 consent order "constituted a prior child support order" and could not be modified retroactively absent a finding by the trial court that a "sudden financial emergency existed" requiring plaintiff to expend sums in excess of the existing child support order. See Biggs v. Greer, 136 N.C. App. 294, 524 S.E.2d 577 (2000); Fuchs v. Fuchs, 260 N.C. 635, 133 S.E.2d 487 (1963). Defendant's contention is without merit.

In Sikes v. Sikes, 330 N.C. 595, 411 S.E.2d 588 (1992), our Supreme Court held that a district court may enter an interim order

for child support wherein it contemplates entering a permanent order at a later time. The Court further held that the interim child support order could be modified later because no *final* determination of the proper amount of child support had previously been made. The *Sikes* Court held that *Fuchs* (barring courts from ordering retroactive increases in child support without some evidence of an emergency situation) and *Ellenberger v. Ellenberger*, 63 N.C. App. 721, 306 S.E.2d 190 (requiring a showing of a change in circumstances before child support payments may be changed), *aff'd in part and rev'd in part*, 309 N.C. 631, 308 S.E.2d 714 (1983), do not apply until a determination on the merits of the issue of child support is first made.

In *State ex rel. Fisher v. Lukinoff*, 131 N.C. App. 642, 507 S.E.2d 591 (1998), this Court noted that "for purposes of computing child support, the portion of the award 'representing that period from the time a complaint seeking child support is filed to the date of trial,' is 'in the nature of prospective child support.' " *Id.* at 646-47, 507 S.E.2d at 595 (citations omitted). As "prospective child support is to be awarded for the time period between the filing of a complaint for child support and the hearing date, [N.C. Gen. Stat. §] 50-13.4(c) [1999] applies and *requires* application of the Guidelines with respect to that period[.]" *Id.* at 647, 507 S.E.2d at 595 (citations omitted) (emphasis added).

Construing *Sikes* and *Lukinoff* together, we hold that trial courts *must* apply G.S. § 50-13.4(c) in determining the amount of *prospective* child support payments, which generally includes the period between the filing of the complaint for child support and the hearing date. Furthermore, in entering a *prospective* child support order, the trial court need not take any evidence or make findings of fact or conclusions of law, so long as it imposes the presumptive amount of child support pursuant to the Guidelines. *See Biggs*, 136 N.C. App. at 297, 524 S.E.2d at 581. On the other hand, *retroactive* child support (consisting of either (1) child support awarded prior to the date a party files a complaint therefor, or (2) a retroactive increase in the amount provided in an existing support order) is *not* based on the presumptive Guidelines, *see Luckinoff*, and is subject to the constraints of *Fuchs* and *Ellenberger. See Sikes.*

In the instant case, as in *Sikes*, it is clear that the trial court's 3 June 1999 Consent Order was not intended as a final determination on the issue of child support. Rather, it set a temporary amount of child support that was consented to by the parties, in contemplation

of setting a different amount at a later time after a hearing. As the 3 June 1999 order was not a determination following a hearing on the merits of the issue of child support, it was temporary in nature and therefore subject to subsequent modification. *See Sikes.* Furthermore, as no final determination on the merits of the issue of child support had previously been made, and no hearing on the issue of child support had previously been held, the trial court was required, under G.S. § 50-13.4(c), to apply the child support Guidelines in awarding *prospective* child support as of 8 February 1999, the time plaintiff's complaint for child support was filed. *See Lukinoff*, 131 N.C. App. at 647, 507 S.E.2d at 595 ("prospective child support is to be awarded for the time period between the filing of a complaint for child support and the hearing date").

As the trial court awarded prospective child support according to the Guidelines as of the date plaintiff filed her complaint for child support, the award of such support was not retroactive in nature and this Court's holding in *Biggs* is therefore inapplicable. Accordingly, the trial court's 22 December 2000 child support order, and 25 January 2001 order amending same, is,

Affirmed.

Judges HUDSON and THOMAS concur.