CAROLINE PUGH WILLIAMS v. ROBERT ALEXANDER WILLIAMS

No. 9122DC952

(Filed 3 March 1992)

1. **Divorce and Separation § 417 (NCI4th)— past due child support—denial improper**

    The trial court erred in denying defendant past due child support since the arrearage could be determined by a clear and easily calculated formula and the arrearage was vested in defendant. N.C.G.S. § 50-13.10(a).

    **Am Jur 2d, Divorce and Separation §§ 1056, 1069.**

2. **Divorce and Separation § 392 (NCI4th)— child support—guidelines presumptive—no showing of need for deviation—award improper**

    The trial court erred in ordering child support payments in an amount less than that mandated by statute where the court made no findings of fact which would allow for a determination that to apply the guidelines would fail to meet the

child's needs or would be otherwise unjust or inappropriate. N.C.G.S. § 50-13.4(c1).

**Am Jur 2d, Divorce and Separation §§ 1035, 1069.**

**Excessiveness or adequacy of money awarded as child support. 27 ALR4th 864.**

APPEAL by defendant from order signed 15 June 1991 and filed 19 June 1991 by *Judge Samuel A. Cathey* in IREDELL County District Court. Heard in the Court of Appeals 17 February 1992.

*Sally W. Smith for plaintiff-appellee.*

*Harris, Pressly & Thomas, by Gary W. Thomas, for defendant-appellant.*

EAGLES, Judge.

On 6 September 1989 an order was entered giving the parties joint custody of their children. Defendant was given custody of the children during the school year with plaintiff having alternate weekend visitation. Plaintiff was given custody during the summer with defendant having alternate weekend visitation. In addition, plaintiff was ordered to pay child support to defendant in an amount equal to twenty-nine percent of her gross income. The order stated plaintiff's annual income was to be divided by fifty-two and twenty-nine percent of that figure was to be paid weekly to defendant during the months when he had primary custody.

Plaintiff was current with her payments until 12 December 1990. For the next twenty-six weeks, through 15 June 1991, plaintiff made nine payments of $150.00 each, totaling $1,350.00. During the time plaintiff failed to pay the required support payments, she was denied visitation with the children by defendant.

Plaintiff filed a motion for contempt on 13 February 1991 on the grounds of denial of visitation. A motion for contempt for child support arrearage and change of custody was filed by defendant on 12 March 1991. A counter motion for contempt and change in custody was filed by plaintiff on 22 March 1991. A hearing on the motions was held on 29 April 1991 and the order was signed on 15 June 1991. The order stated in part that although support arrearage was owed defendant, the court found the figure to be undeterminable. Further, the court modified the support due by

**WILLIAMS v. WILLIAMS**

[105 N.C. App. 615 (1992)]

plaintiff in the future to the amount of $125.00 per week while defendant had custody.

[1] Defendant offers two arguments in support of three assignments of error on appeal. First, defendant contends the child support arrearage owed by appellee is easily determined and is vested in appellant, making it error for the court to deny him payment. Plaintiff concedes that defendant is correct and we agree.

G.S. 50-13.10(a) states that each past due child support payment vests "when it accrues and may not thereafter be vacated, reduced or otherwise modified in any way for any reason . . . ." Further, the court's finding that the amount in arrears is undeterminable is not supported by the evidence. The order of 6 September 1989 provides a clear and easily calculated formula for determining the amount owed on a weekly basis. By subtracting the amount of payments made by plaintiff, the accumulated arrearage may be determined and awarded to defendant.

[2] In defendant's second argument, he contends the court erred in setting a child support amount which is in deviation from the guidelines contained in G.S. 50-13.4(c1). Again, plaintiff agrees with defendant's contention and offers no argument in opposition. We agree with defendant as well.

The court completed a "Worksheet B Child Support Obligation" form on which it states plaintiff's support obligation pursuant to the statutory guidelines to be $614.00 per month. Weekly the payments amount to $142.79. The trial court, however, ordered plaintiff to pay $125.00 per week, a deviation of approximately $17.00 per week from the statutory figure. The guidelines contained in G.S. 50-13.4(c1) are presumptive. *Browne v. Browne*, 101 N.C. App. 617, 624, 400 S.E.2d 736, 740 (1991). If the court deviates from the guideline figure, the court must make findings of fact which allow for a determination that to apply the guidelines would fail to meet the child's needs or would be otherwise unjust or inappropriate. *Id.* at 625, 400 S.E.2d at 741. In the case before us, the findings of the court fail to address in any manner the need for a deviation. It was error, therefore, for the court to order a payment other than that mandated by the statute.

For these reasons, we find the court erred in the above respects and we remand this case to the District Court of Iredell County for a determination of the amount of arrearage owed defendant

**WILLIAMS v. WILLIAMS**

[105 N.C. App. 615 (1992)]

and for an order determining future child support in a manner consistent with this opinion.

Reversed and remanded.

Judges ARNOLD and ORR concur.