BETTY JO (ISRAEL) GOWING, PLAINTIFF v. RONALD BENJAMIN GOWING, DEFENDANT

No. 9228DC727

(Filed 17 August 1993)

1. **Divorce and Separation § 392.1 (NCI4th) — deviation from child support guidelines — notice of request of court to take evidence — waiver by introduction of evidence**

Though the trial court deviated from the child support guidelines by considering the child's income in its computation of support, and N.C.G.S. § 50-13.4(c) only allows deviation from the guidelines if a party requests with notice that the trial court take evidence relating to the reasonable needs of the child for support and the relative ability of each parent to provide support, both parties in this case waived their right to notice of a request and the trial court was free to deviate from the guidelines where both parties introduced without objection evidence of the child's needs and the parents' ability to pay support.

**Am Jur 2d, Divorce and Separation § 1035 et seq.**

2. **Divorce and Separation §§ 399, 406 (NCI4th) — child support — child's insurance settlement considered — father's inability to provide support — denial of child support — error**

In an action for child support where the child was the beneficiary of a structured settlement from a medical malprac-

tice claim which was to pay the sum of $2,000 per month for his entire life, the trial court erred in denying plaintiff mother child support, since, if a parent can support his minor child, the trial court must refuse to diminish or relieve him of this obligation to provide for his child if the sole ground for that relief is that the child has his own separate estate, and for this child's settlement money to be a factor in deviating from the guidelines and awarding no support, the trial court must also find that the defendant father is unable to provide support.

**Am Jur 2d, Divorce and Separation §§ 1041, 1042.**

3. **Divorce and Separation § 394 (NCI4th)— child support— inadequacy of findings**

The trial court in an action for child support erred in failing to make adequate findings of fact as to the reasonable needs of the child for support, the earning capacity or incomes of the parties, the relative ability of each parent to pay support, and the child care and homemaker contributions of the plaintiff.

**Am Jur 2d, Divorce and Separation § 1039 et seq.**

4. **Divorce and Separation § 551 (NCI4th)— child support action— attorney's fees denied—inadequate findings**

In an action for child support, the trial court erred in failing to make adequate findings of fact to support its denial of attorney's fees. N.C.G.S. § 50-13.6.

**Am Jur 2d, Divorce and Separation § 615.**

**Necessity and sufficiency of notice and hearing as to allowance of suit money or counsel fees in divorce and other marital action. 10 ALR3d 280.**

Appeal by plaintiff from order entered 30 May 1991 by Judge Peter L. Roda in Buncombe County District Court. Heard in the Court of Appeals 7 June 1993.

Plaintiff filed this action on 5 April 1991. After a hearing on 20 May 1991, an order entered on 30 May 1991 awarded plaintiff a divorce from bed and board, custody of the parties' minor child Travis Benjamin Gowing, a writ of possession to the marital home, the monthly proceeds from an insurance settlement, and an order

restraining both parties from disposing of any marital property. The court also granted defendant visitation rights and denied plaintiff's request for alimony pendente lite, child support and attorney's fees.

From this order, plaintiff appeals.

*Gum, Hillier & Friesen, P.A., by Ingrid Friesen, for plaintiff-appellant.*

*DeVere Lentz & Associates, by DeVere C. Lentz, Jr., for defendant-appellee.*

ORR, Judge.

The parties were married on or about 9 December 1979 and separated on 14 March 1991. One child, Travis Benjamin Gowing, was born of the marriage. The child suffers from cerebral palsy and is the beneficiary of a structured settlement from a medical malpractice claim which pays the sum of $2,000.00 per month for his entire life. Until March 1990, defendant was the primary supporter of the family, and the parties and minor child resided in a mobile home in Buncombe County. Plaintiff had been required to stay home with the minor child until he was enrolled in the Irene Wortham Center, but it is no longer necessary for her to remain at home.

Plaintiff appeals the denial of child support on four grounds and the denial of attorney's fees on one. The determination of a child support award is governed by N.C. Gen. Stat. § 50-13.4(c), effective since 1 October 1990:

> Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.

> The court shall determine the amount of child support payments by applying the presumptive guidelines established pursuant to subsection (c1). However, upon request of any party, the Court shall hear evidence, and from the evidence, find the facts relating to the reasonable needs of the child for support and the relative ability of each parent to provide

support. If, after considering the evidence, the Court finds by the greater weight of the evidence that the application of the guidelines would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support or would be otherwise unjust or inappropriate the Court may vary from the guidelines. If the court orders an amount other than the amount determined by application of the presumptive guidelines, the court shall make findings of fact as to the criteria that justify varying from the guidelines and the basis for the amount ordered. . . .

In its order, the trial court only provided two written findings regarding child support:

Finding #7) That the minor child is the beneficiary of a structured settlement which pays for the minor child's use and benefit the sum of $2,000.00 per month, which substantially exceeds the minor child's expenses and for this reason, there is no need for child support.

Finding #8) That until recently, the Plaintiff was required to stay at home with the minor child, but that the minor child is now enrolled in Irene Wortham Center, and it is no longer necessary that the Plaintiff remain at the home with the minor child.

[1] Plaintiff first contends that the trial court erred in deviating from the child support guidelines because the defendant did not request such deviation as required by the statute. Defendant argues that the denial of child support could have been determined under the guidelines if the trial court found that defendant's monthly gross income at the time of the trial was zero. Defendant's argument is true; however, finding #7 states that no award was granted because the child's settlement exceeds his needs. Since the guidelines do not consider the child's income or property in its computation of support, the trial court deviated from the guidelines.

Plaintiff is correct in her assertion that the statute only allows deviation from the guidelines if a party requests with notice that the trial court take evidence "relating to the reasonable needs of the child for support and the relative ability of each parent to provide support." N.C.G.S. § 50-13.4(c). Our review of the record does not reveal such a request. However, both parties introduced without objection evidence of the child's needs and the parents'

GOWING v. GOWING

[111 N.C. App. 613 (1993)]

ability to pay support. In failing to object to this evidence, both parties waived their right to notice of a request and the trial court was free to deviate from the guidelines. *Browne v. Browne*, 101 N.C. App. 617, 624, 400 S.E.2d 736, 741 (1991). Thus, the trial court committed no error in deviating from the child support guidelines without a request.

[2] However, in deviating from the guidelines, the trial court was required to make findings of fact as to the criteria that justified varying from the guidelines and the basis of the amount ordered. N.C.G.S. § 50-13.4(c). Plaintiff contends that the court committed error because its findings were insufficient to meet this requirement. We agree.

The trial court may vary from the guidelines if it finds "by the greater weight of the evidence that the application of the guidelines would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support or would be otherwise unjust or inappropriate." *Id.* Finding #7 states that the trial court awarded no support because the child is the beneficiary of settlement money that exceeds his needs. Finding #8 states that the plaintiff mother is able to work and thus has potential income. If the trial court varied from the guidelines because their application would exceed the reasonable needs of the child considering the relative ability of each parent to provide support, then the court must make findings as to the abilities of each parent to provide support and the reasonable needs of the child. If the trial court varied from the guidelines because their application would be otherwise unjust or inappropriate the court must likewise make findings to support such a conclusion.

Finding #7 alone cannot relieve the defendant of support. "The supporting parent who can do so remains obligated to support his or her minor children, even though they may have property of their own." *Browne*, 101 N.C. App. at 625, 400 S.E.2d at 741, (citing *Lee v. Coffield*, 245 N.C. 570, 573, 96 S.E.2d 726, 728-29 (1957) ). If a parent can support his minor children, the trial court must refuse to diminish or relieve him of this obligation to provide for his children if the sole ground for that relief is that the children have their own separate estates. *Id.* For the child's settlement money to be a factor in deviating from the guidelines and awarding no support, the trial court must also find that the defendant father is unable to provide support. As discussed above, such a finding

would allow an award of no support under the child support guidelines as well. We hold that the trial court's findings fail to justify deviation from the child support guidelines or provide basis for the denial of an award.

[3] Plaintiff also argues that the trial court erred in failing to make findings regarding the reasonable needs of the child for support, the earning capacity, or incomes of the parties, the relative ability of each parent to pay support, and the child care and homemaker contributions of the plaintiff. We agree.

Plaintiff's assignment of error arises from the first paragraph of N.C.G.S. § 50-13.4(c), which requires the court's award "to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case." The second paragraph of N.C.G.S. § 50-13.4(c) provides that when a request to deviate is made and such evidence is taken, the court should hear the evidence and "find the facts relating to the reasonable needs of the child for support and the relative ability of each parent to provide support." The list of factors in the first paragraph defines the general category of "facts relating to the reasonable needs of the child for support and the relative ability of each parent to provide support," and those factors should be included in the findings if the trial court is requested to deviate from the guidelines.

"Absent a timely and proper request for a variance of the guidelines, support set consistent with the guidelines is conclusively presumed to be in such amount as to meet the reasonable needs of the child for health, education, and maintenance." *Browne*, 101 N.C. App. at 624, 400 S.E.2d at 740, *see also Williams v. Williams*, 105 N.C. App. 615, 414 S.E.2d 80 (1992). If a deviation from the guidelines is requested, the trial court's award of support will be reviewed on an abuse of discretion standard. *See Plott v. Plott*, 313 N.C. 63, 69, 326 S.E.2d 863, 868 (1985) (computing amount of child support is an exercise of judicial discretion, filed before adoption of presumptive guidelines). Therefore, in order for this Court to determine whether the trial court abused its discretion in computing the deviating award, the trial court must make adequate findings as to the reasonable needs of the child for health, education and maintenance, having due regard to the estates, earnings, condi-

tions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case. If the trial court determines that the greater weight of the evidence shows that "the guidelines would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support or would be otherwise unjust or inappropriate," then an amount other than the presumptive amount in the guidelines may be awarded. N.C.G.S. § 50-13.4(c). If the trial court does deviate from the guidelines, the findings of fact must show the justification for the deviation and the basis for the amount ordered. *Browne*, 101 N.C. App. at 624, 400 S.E.2d at 740.

In the case *sub judice*, the trial court erred in failing to make adequate findings of fact as to the reasonable needs of the child for support, the earning capacity, or incomes of the parties, the relative ability of each parent to pay support, and the child care and homemaker contributions of the plaintiff.

Plaintiff next alleges that the trial court abused its discretion in failing to order the defendant to pay any child support. "Support set consistent with the guidelines is conclusively presumed to be in such amount as to meet the reasonable needs of the child for health, education, and maintenance." *Id.* A variation from the guidelines will be reviewed on an abuse of discretion standard. Absent evidence compelling a different award than that ordered, the trial court's weighing of its findings giving basis for its award will be respected so long as the record contains evidence sufficient to allow those findings. Without more adequate findings of fact as to the basis for the amount ordered, we cannot rule on this allegation of error.

[4] Plaintiff finally contends that the trial court erred in denying her request for attorneys fees and in failing to make findings of fact or conclusions of law to support the denial. The applicable statute, N.C.G.S. § 50-13.6, provides:

> In an action or proceeding for the custody or support, or both, of a minor child . . . the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support

GOWING v. GOWING

[111 N.C. App. 613 (1993)]

which is adequate under the circumstances existing at the time of the institution of the action or proceeding; provided however, should the court find as a fact that the supporting party has initiated a frivolous action or proceeding the court may order payment of reasonable attorney's fees to an interested party as deemed appropriate under the circumstances.

"In a custody and support action, once the statutory requirements of Section 50-13.6 have been met, whether to award attorney's fees and in what amounts is within the sound discretion of the trial judge and is only reviewable based on an abuse of discretion." *Savani v. Savani*, 102 N.C. App. 496, 505, 403 S.E.2d 900, 905-06 (1991). Where an award of attorney's fees is granted, it "must contain a finding or findings upon which a determination of the reasonableness of the award can be based, such as the nature and scope of the legal services rendered, the time and skill required, and the attorney's hourly rate in comparison to the customary charges of attorneys practicing in that general area." *Weaver v. Weaver*, 88 N.C. App. 634, 641, 364 S.E.2d 706, 711, *cert. denied*, 322 N.C. 330, 368 S.E.2d 875 (1988). Where an award of attorney's fees is prayed for, but denied, the trial court must provide adequate findings of fact for this Court to review its decision. In the case *sub judice*, the trial court made no such findings; it only ordered that the request was denied. The trial court committed error in failing to make adequate findings of fact to support its denial of attorney's fees.

We hold that the order of the trial court denying child support is vacated and the case remanded for findings of facts consistent with this opinion.

Vacated and remanded.

Chief Judge ARNOLD and Judge MARTIN concur.