GUILFORD COUNTY BY AND THROUGH ITS CHILD SUPPORT ENFORCEMENT AGENCY EX REL. TIMOTHY RANDOLPH EASTER v. BETSY JILL DAVIS EASTER (McALPIN)

No. 9418DC682

(Filed 19 September 1995)

**Divorce and Separation § 385 (NCI4th); Parent and Child § 29 (NCI4th)— mother's support obligation—reduction by grandparents' contribution—error**

The trial court erred in reducing defendant mother's child support obligation because of her parents' contribution to the support of the minor children living with the father, since defendant could not transfer her support responsibilities to her parents; the grandparents were under no legal obligation to offer support to the children, and their gratuitous contribution did not diminish the reasonable needs of the children or reduce the parent's obligation; the court made no findings on the reasonable needs of the children; and while the court concluded that application of the guidelines would be unjust and inappropriate, it failed to indicate how and to whom it would be unjust.

**Am Jur 2d, Divorce and Separation § 1078.**

**Income of child from other source as excusing parent's compliance with support provisions of divorce decree. 39 ALR3d 1292.**

**Excessiveness or adequacy of money awarded as child support. 27 ALR4th 864.**

Appeal by plaintiff from an order entered 28 January 1994 by Judge Donald L. Boone in Guilford County District Court. Heard in the Court of Appeals 2 March 1995.

*Guilford County Attorney's Office, by Assistant County Attorney Joyce L. Terres, for plaintiff appellant.*

*Wyatt Early Harris Wheeler & Hauser, L.L.P., by Lee M. Cecil, for defendant appellee.*

**GUILFORD COUNTY ex rel. EASTER v. EASTER**

[120 N.C. App. 260 (1995)]

COZORT, Judge.

The issue presented in this case is whether the mother's child support obligation should be reduced when her parents contribute to the support of the minor children living with the father. The trial court concluded that the needs of the children were met by the combined support of the grandparents and the plaintiff father, thereby reducing the child support obligation of the defendant mother. We reverse and remand, holding the trial court's order was based on an erroneous application of the law. The facts and procedural history follow.

Timothy R. Easter and Betsy Jill Davis (now McAlpin) were married on 3 February 1983, separated in 1989, and divorced on 16 September 1991. They had two children who are in the primary custody of plaintiff Timothy Easter. Plaintiff father contracted with the Guilford County Child Support Enforcement Agency which filed a motion to establish child support on behalf of the children on 23 November 1993. Defendant mother filed a Request for Deviation from the Child Support Guidelines on 19 January 1994.

Defendant's request for a deviation from the guidelines was based on the support that her parents provide plaintiff father and the children. Plaintiff and the children reside in a house that is owned by the maternal grandparents and located in close proximity to them. The grandparents pay the water bill and do not charge plaintiff rent. The children spend a great deal of time at their grandparent's home, and plaintiff and the children frequently eat meals there. The grandparents also provide for other needs of the children such as clothing, haircuts, and medical bills. The grandparents provide these and other expenses voluntarily.

Plaintiff earns a gross income of $1,300.00 per month and defendant earns a gross income of $1,392.00 per month. Application of the North Carolina Child Support Guidelines indicates that defendant's child support obligation would be $255.00 per month. This figure takes into consideration medical insurance premiums paid by defendant and a credit for another child living with her not born to the marriage of the parties.

Judge Donald L. Boone heard defendant's motion on 28 January 1994. In an order dated 5 April 1994, Judge Boone found that the "application of the guidelines would exceed the reasonable needs of the children and would be otherwise unjust and inappropriate" due to

the contributions of the maternal grandparents. Among its conclusions of law, the trial court held:

> 3. Based on the foregoing Findings of Fact, the Court concludes that in order to meet the reasonable needs of the children for health, education, and maintenance, having due regard to the estates, earnings, conditions, a custom [sic] standard of living of the children and the parties, the child care and homemaker contributions of each party, and other facts of the particular case, defendant should pay to the plaintiff for the support of the minor children the sum of $75.00 twice monthly.

Plaintiff appeals. We reverse the order and remand the case for entry of support according to the guidelines.

N.C. Gen. Stat. § 50-13.4(c) (1994 Cum. Supp.) provides:

> [U]pon request of any party, the Court shall hear evidence, and from the evidence, find the facts relating to the reasonable needs of the child for support and the relative ability of each parent to provide support. If, after considering the evidence, the Court finds by the greater weight of the evidence that the *application of the guidelines would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support or would be otherwise unjust or inappropriate* the Court may vary from the guidelines. If the court orders an amount other than the amount determined by application of the presumptive guidelines, the court shall make findings of fact as to the criteria that justify varying from the guidelines and the basis for the amount ordered.

*Id.* (emphasis added). According to the statute, the trial court has the discretion to deviate from the presumptive guidelines in only two situations: (1) when application does not meet or exceeds the reasonable needs of the child; or (2) when application would be unjust or inappropriate.

The standard by which we review a deviation from the guidelines is abuse of discretion. *Gowing v. Gowing*, 111 N.C. App. 613, 618, 432 S.E.2d 911, 914 (1993). Upon a timely request to deviate from the guidelines, the trial court is required to make findings of fact and enter conclusions of law relating to the reasonable needs of the child for support and the relative ability of each parent to provide support. *Browne v. Browne*, 101 N.C. App. 617, 623, 400 S.E.2d 736, 740 (1991). If the trial court deviates from the guidelines, the findings of fact

must justify both the deviation and the basis for the amount ordered. *Gowing*, 111 N.C. App. at 618-19, 432 S.E.2d at 914. Absent evidence compelling a different award, the trial court's weighing of its findings giving basis for its award will be respected so long as the record contains evidence sufficient to allow those findings. *Id.* In the present case, the record does not contain evidence sufficient to establish that an application of the guidelines would exceed the reasonable needs of the children or would be unjust or inappropriate.

A father cannot contract away or transfer to another his responsibility to support his children. *Alamance County Hosp., Inc. v. Neighbors*, 315 N.C. 362, 365, 338 S.E.2d 87, 89 (1986). This rule applies to a mother due to the 1981 amendment to N.C. Gen. Stat. § 50-13.4(b) that made both parents primarily liable for support. Consequently, in the present case, defendant cannot transfer her support responsibilities to her parents.

The maternal grandparents are under no legal obligation to offer support to the children, and their contributions should not be taken into consideration when determining whether to deviate from the guidelines. While the contributions of the grandparents have been gracious, they cannot be relied upon as a permanent source of support. A gratuitous contribution from another party does not diminish the reasonable needs of the children nor does it reduce a parent's obligation for support.

The trial court concluded that the children's needs would be exceeded under the guidelines; however, it made no findings on the reasonable needs of the children. Without such a demonstration, it is impossible to determine whether those needs would be exceeded. And, while the trial court also decided that the application of the guidelines would be unjust or inappropriate, it failed to indicate how and to whom it would be unjust. There is no evidence in the record to show that defendant is unable to meet the level of presumptive support or that it would be unjust to order her to meet her obligation. Without these findings or any evidence to support its conclusion, the trial court abused its discretion in deviating from the guidelines.

The support of her parents was the only evidence offered by defendant that the application of the guidelines would exceed the reasonable needs of the children or that it would be unjust or inappropriate. Because this evidence does not support a deviation, defendant failed to offer any evidence justifying a deviation from the guidelines. The trial court's findings were insufficient to justify both a variance

KATH v. H.D.A. ENTERTAINMENT

[120 N.C. App. 264 (1995)]

from the guidelines and the basis of the amount ordered. Therefore, we reverse the order of the trial court and remand this case for an entry of support according to the North Carolina Child Support Guidelines.

Reversed and remanded.

Judges GREENE and LEWIS concur.