GUILFORD COUNTY BY AND THROUGH ITS CHILD SUPPORT ENFORCEMENT AGENCY EX REL. TIMOTHY RANDOLPH EASTER v. BETSY JILL DAVIS EASTER (McALPIN)

No. 455PA95

(Filed 31 July 1996)

1. **Divorce and Separation § 392.1 (NCI4th)— deviation from child support guidelines—contributions of third parties**

    A trial court may consider the contributions of third parties when determining whether to deviate from the child support guidelines even though the third parties have no legal obligation to provide child support. Therefore, the trial court could properly consider voluntary support provided by the maternal grandparents on a regular basis in determining whether to deviate from the guidelines.

    **Am Jur 2d, Divorce and Separation §§ 1035 et seq.**

    **Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.**

    **Income of child from other source as excusing parent's compliance with support provisions of divorce decree. 39 ALR3d 1292.**

GUILFORD COUNTY ex rel. EASTER v. EASTER

[344 N.C. 166 (1996)]

Excessiveness or adequacy of money awarded as child support. 27 ALR4th 864.

## 2. Divorce and Separation § 392.1 (NCI4th)— deviation from child support guidelines—insufficient findings

The trial court erred in deviating from the child support guidelines by reducing the mother's obligation based on support provided by the maternal grandparents where the court failed to make the findings required by N.C.G.S. § 50-13.4(c) relating to the reasonable needs of the children and the relative ability of each parent to provide support.

**Am Jur 2d, Divorce and Separation §§ 1035 et seq.**

**Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.**

**Income of child from other source as excusing parent's compliance with support provisions of divorce decree. 39 ALR3d 1292.**

**Excessiveness or adequacy of money awarded as child support. 27 ALR4th 864.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 120 N.C. App. 260, 461 S.E.2d 798 (1995), reversing and remanding an order entered by Boone, J., on 5 April 1994 in District Court, Guilford County. Heard in the Supreme Court 9 April 1996.

*Joyce L. Terres, Assistant County Attorney, for plaintiff-appellee.*

*Wyatt Early Harris & Wheeler, L.L.P., by Lee M. Cecil, for defendant-appellant.*

FRYE, Justice.

[1] In the instant case, the issue presented, which is one of first impression, is whether third-party contributions may be used to support a deviation from the North Carolina Child Support Guidelines. We answer in the affirmative, thereby reversing the decision of the Court of Appeals on this issue. However, we also conclude that the Court of Appeals was correct that the trial court's order in the instant

case did not contain findings required by the statute. Accordingly, the decision of the Court of Appeals is affirmed on this issue.

Timothy R. Easter and Betsy Jill Davis (now McAlpin) were married on 3 February 1983, separated in 1989, and divorced on 16 September 1991. They have two children who are in the primary custody of plaintiff Timothy Easter. Plaintiff-father contracted with the Guilford County Child Support Enforcement Agency, which filed a motion to establish child support on behalf of the children on 23 November 1993. Defendant-mother filed a "Request for Deviation from the Child Support Guidelines" on 19 January 1994.

Defendant's request for a deviation from the North Carolina Child Support Guidelines (the guidelines) was based on the support that her parents provide plaintiff-father and the children. Plaintiff and the children reside in a house that is owned by the maternal grandparents and located in close proximity to them. The grandparents pay the water bill and do not charge plaintiff rent. The children spend a great deal of time at their grandparents' home, and plaintiff and the children frequently eat meals there. The grandparents also provide for other needs of the children such as clothing, haircuts, and medical bills. The grandparents provide these and other expenses voluntarily and regularly.

Plaintiff earns a gross income of $1,300 per month, and defendant earns a gross income of $1,392 per month. Application of the guidelines indicates that defendant's child support obligation would be $255.00 per month. This figure takes into consideration medical insurance premiums paid by defendant and a credit for another child living with defendant but not born to the marriage of the parties to this action.

On 28 January 1994, Judge Donald L. Boone heard defendant's motion to deviate from the guidelines. In an order dated 5 April 1994, Judge Boone found that the "application of the guidelines would exceed the reasonable needs of the children and would be otherwise unjust and inappropriate" because of the contributions of the maternal grandparents. Accordingly, the trial court deviated from the guidelines and concluded that defendant should pay $150.00 monthly for the support of the children. This amount was $105.00 per month less than the presumptive amount in the guidelines.

Plaintiff appealed to the Court of Appeals. The Court of Appeals reversed the trial court's order and remanded the case for entry of a

support order in accordance with the guidelines. The Court of Appeals concluded that the trial court failed to indicate how and to whom an award pursuant to the guidelines would be unjust; that the trial court did not make a finding as to the reasonable needs of the children; and that absent such findings, the trial court abused its discretion in deviating from the guidelines. The appellate court specifically stated that the grandparents' contributions did not support a deviation from the guidelines.

N.C.G.S. § 50-13.4, enacted in accordance with federal mandate, provides that "[t]he court shall determine the amount of child support payments by applying the presumptive guidelines." N.C.G.S. § 50-13.4(c) (Supp. 1994). The statute allows the trial court to deviate from the presumptive amount

> [i]f, after considering the evidence, the [c]ourt finds by the greater weight of the evidence that the application of the guidelines would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support or would be otherwise unjust or inappropriate . . . .

*Id.*

This Court has never addressed the issue of whether a trial court may consider the contributions of third parties when determining whether to deviate from the child support guidelines. In the instant case, the Court of Appeals characterized the contributions of the grandparents as "gratuitous contributions" that could not be "relied upon as a permanent source of support" because the grandparents had no "legal obligation to offer the support to the children." *Guilford Co. ex rel. Easter*, 120 N.C. App. 260, 263, 461 S.E.2d 798, 801 (1995). Based on this characterization, the Court of Appeals reasoned that the grandparents' contributions could not "diminish the reasonable needs of the children nor [could] it reduce a parent's obligation for support." *Id.* Therefore, the Court of Appeals concluded that the grandparents' contributions could not be considered when determining whether to deviate from the guidelines. *Id.* We disagree with the conclusion reached by the Court of Appeals.

We find nothing in North Carolina case law or in N.C.G.S. § 50-13.4(c) which suggests that the contributions of third parties may not be considered when determining whether to deviate from the guidelines. The role of the trial court is to determine whether the reasonable needs of the children are being met and whether imposing

the presumptive amount would not meet or would exceed the reasonable needs of the children or would be otherwise inappropriate or unjust. N.C.G.S. § 50-13.4(c). In making this determination, the trial court should have at its disposal any information that sheds light on this inquiry. While the Court of Appeals is correct that the grandparents are under no "legal obligation," we conclude that a legal obligation need not exist in order for the contributions of a third party to support a deviation from the child support guidelines.

Allowing the contributions of third parties to be considered when determining whether to deviate from the guidelines is in accord with the law of other states. Several states either explicitly state or use language in their statutes that strongly suggests that the contributions of third parties may be considered. See, e.g., Ariz. Rev. Stat. Ann. § 25-320 (Supp. 1993) (trial court may consider the "financial resources of custodial parent"); Me. Rev. Stat. tit. 19, § 317(3)(E) (West Supp. 1993) (trial court may consider the "financial resources of the parties including nonrecurring income not included in the definition of gross income"); Minn. Stat. § 518.551 (Supp. 1995) (trial court may consider "all earnings, income, financial resources of the parents"); S.D. Code Ann. § 25-7-6.10 (West 1996) ("contributions of a third party to the income or expenses of [a] parent" may support deviation). Other states' statutes provide that a trial court may deviate from the presumptive guidelines where application of the guidelines would be "inequitable," "unjust," "inappropriate," or "not in the child's best interest," leaving room for an interpretation that the contributions of third parties might be considered. See, e.g., Colo. Rev. Stat. § 14-10-115 (Supp. 1993); Ill. Ann. Stat. ch. 750, para. 5/505 (Smith-Hurd Supp. 1994); Ky. Rev. Stat. Ann. § 403.211 (Michie/Bobbs-Merrill Supp. 1992); Mont. Code Ann. § 40-6-116 (1995); N.M. Stat. Ann. § 40-4-11.2 (Michie 1996); Okla. Stat. Ann. tit. 43, § 118 (West Supp. 1995); Tex. Fam. Code Ann. § 14.055 (West 1994); Vt. Stat. Ann. tit. 15, § 659(a) (Supp. 1993). Since the adoption of the presumptive guidelines, few other state courts have addressed the issue of whether third-party contributions support a deviation from the presumptive child support guidelines.[1] See DeMo v. DeMo, 679 So.2d 265 (Ala.

---

1. Before the enactment of federal child support guidelines, courts were split as to whether the contributions of a third party could be considered when determining child support. See Taylor v. Taylor, 313 Ky. 11, 230 S.W.2d 67 (1950) (amount of award found excessive where children were being fairly well provided for by grandparents); Ristow v. Ristow, 152 Neb. 713, 41 N.W.2d 924 (1950) (award excessive where mother and children living with maternal grandparents). But see Schiff v. Schiff, 123 So. 2d 295 (Fla. Dist. Ct. App. 1960) (mother living with maternal grandmother not relevant in determi-

Civ. App. 1996) (assets and unearned income received by or on be-half of a child may be considered by trial court when considering whether to deviate from the child support guidelines). *But see In Re Marriage of Nimmo*, 891 P.2d 1002 (Colo. 1995) (stating that as a general rule, third-party contributions are immaterial to child sup-port determinations).

Plaintiff correctly points out that this Court has held that a parent cannot contract away or transfer his or her responsibility for the sup-port of his or her children. *Alamance Co. Hosp. v. Neighbors*, 315 N.C. 362, 365, 338 S.E.2d 87, 89 (1986). However, defendant has not in any way been relieved of her obligation to provide for the support of her children. This obligation continues. If the grandparents' support changes, then the amount of defendant's support may be revisited on the basis of changed circumstances pursuant to N.C.G.S. § 50-13.7 (1995). We emphasize that we are holding that the trial court *may* consider support by third parties when determining whether there is evidence to support a deviation. It is important to note that contribu-tions from a third party will not always support deviation from the guidelines. In each case where the trial court considers whether the contributions of a third party support deviation from the guide-lines, that court must examine the extent and nature of the contribu-tions in order to determine whether a deviation from the guidelines is appropriate considering the criteria for deviation set out in N.C.G.S. § 50-13.4(c). Accordingly, we conclude that the contributions of a third party may be used to support deviation from the child support guidelines.

**[2]** We must now determine whether the trial court was correct in deviating from the guidelines in the instant case. N.C.G.S. § 50-13.4(c) governs, *inter alia*, deviation from the child support guidelines. The statute provides:

> [U]pon request of any party, the [c]ourt shall hear evidence, and from the evidence, *find the facts relating to the reasonable needs of the child for support and the relative ability of each parent to provide support.* If, after considering the evidence, the [c]ourt finds by the greater weight of the evidence that the application of the guidelines would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent

nation); *Cappel v. Cappel*, 243 Iowa 1363, 55 N.W.2d 481 (1952) (cash advances by maternal grandfather given to mother not relevant); *Slaughter v. Slaughter*, 313 S.W.2d 193 (Mo. Ct. App. 1958) (compensation given to child by government not relevant).

to provide support or would be otherwise unjust or inappropriate[,] the [c]ourt may vary from the guidelines. If the court orders an amount other than the amount determined by application of the presumptive guidelines, the court shall make findings of fact as to the criteria that justify varying from the guidelines and the basis for the amount ordered.

N.C.G.S. § 50-13.4(c) (emphasis added). We agree with the Court of Appeals that the trial court did not make the required findings relating to the reasonable needs of the children and the relative ability of each parent to provide support. *See, e.g., Gowing v. Gowing*, 111 N.C. App. 613, 618, 432 S.E.2d 911, 914 (1993). Accordingly, the trial court erred, and its order cannot stand.

In summation, we conclude that the Court of Appeals erred in ruling that the contributions of third parties may not be considered when determining whether to deviate from the North Carolina Child Support Guidelines. However, the Court of Appeals correctly concluded that the trial court did not make the required findings of fact. Accordingly, the decision of the Court of Appeals is reversed in part, affirmed in part, and the case is remanded to that court for further remand to the trial court for further proceedings not inconsistent with this opinion.

REVERSED IN PART, AFFIRMED IN PART, REMANDED.