STATE EX REL. HORNE v. HORNE

[127 N.C. App. 387 (1997)]

STATE OF NORTH CAROLINA, BY AND THROUGH ITS CARTERET CHILD SUPPORT ENFORCEMENT
OFFICE, EX. REL. SAMANTHA L. HORNE, PLAINTIFF V. RICHARD LEE HORNE, II, DEFENDANT

No. COA97-38

(Filed 2 September 1997)

**Divorce and Separation § 392.1 (NCI4th)— child support —
live-in boyfriend—deviation from guidelines—appropriate
findings not made**

In an action to establish support for defendant father's minor
children, the trial court erred in deviating from the support guide-
lines codified in N.C.G.S. § 50-13.4(c) where the court ordered
defendant to pay less than the amount provided in the guidelines
based on findings that the minor children and their mother
resided with mother's boyfriend and that he earns $16.61 per hour
and works forty hours per week, but the court did not make the
appropriate findings of fact regarding the extent and nature of
the support the children received from the mother's live-in
boyfriend.

Appeal by plaintiff from order entered 19 September 1996 by
Judge Jerry F. Waddell in Carteret County District Court. Heard in the
Court of Appeals 11 August 1997.

Samantha and Richard Horne were married on 24 March 1990 and
separated 10 March 1995. Two children, Laura and Riley, were born of
the marriage and both children live with their mother in the marital
home. On 9 April 1996, Carteret County filed a complaint against
defendant to establish support and maintenance, as well as health
insurance coverage, for the minor children. In addition, Carteret
County sought indemnification for all public assistance paid to on
behalf of the minor children.

On 3 September 1996, defendant filed a notice he would seek a
deviation from the North Carolina Child Support Guidelines (here-
inafter "guidelines"). After hearing evidence on defendant's request
for a deviation, the trial court entered an order in which it found the
parties' combined monthly adjusted gross income of $2,080.00
resulted in a basic support obligation of $548.20 per month. With
adjustments for health insurance premiums, the total child support
obligation, per the child support guidelines, would be $646.20 per
month. The trial court determined, however, that $498.00 per month
would be reasonable child support, and that utilization of the guide-

**STATE** ex rel. **HORNE** v. **HORNE**

[127 N.C. App. 387 (1997)]

lines would be unjust or inappropriate in this case. The trial court based its decision on the fact that Samantha Horne's boyfriend, who earns $16.61 per hour and works forty hours per week, and his minor child live with her and the minor children. From this order, plaintiff appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General Kathleen U. Baldwin, for plaintiff-appellant.*

*No brief filed for defendant-appellee.*

SMITH, Judge.

The issue before this Court is whether the child support order contains sufficient findings of fact to support the trial court's decision to deviate the guidelines. Plaintiff argues, and we agree, it does not.

N.C. Gen. Stat. § 50-13.4(c) (1995), which provides for deviation from the guidelines, states that

upon request of any party, the Court shall hear evidence, and from the evidence, find the facts relating to the reasonable needs of the child for support and the relative ability of each parent to provide support. If, after considering the evidence, the Court finds by the greater weight of the evidence that the application of the guidelines would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support or would be otherwise unjust or inappropriate the Court may vary from the guidelines.

N.C. Gen. Stat. § 50-13.4(c) (1995). If the trial court determines deviation is warranted, it "shall make findings of fact as to the criteria that justify varying from the guidelines and the basis for the amount ordered." *Id.*; *Gowing v. Gowing*, 111 N.C. App. 613, 432 S.E.2d 911 (1993).

In this case the trial court made the following pertinent findings of fact:

23. . . . Defendant requested that the court hear evidence relating to the reasonable needs of the child or children for support and the relative ability of each party to provide support. Defendant requested that the court vary from the utilization of the child support guidelines. Furthermore, [d]efendant presented

evidence which did indicate that the utilization of the guidelines would be otherwise unjust or inappropriate in this case.

. . . .

24. . . . It is reasonable that the court order an amount of child support obligation which deviates from the child support guidelines for the reason that the mother Samantha Horne has her boyfriend and his son living with her & the two [children]. The boyfriend earns $16.61 per hour 40 hrs per week.

Based on these findings, the trial court ordered defendant pay $498.00 per month in total child support instead of $646.20.

Plaintiff argues that the mere fact that Samantha Horne's boyfriend lives with her and the minor children and earns money is, without more, insufficient to support deviation from the guidelines. We agree.

Our Supreme Court has determined that "contributions of a third party *may* be used to support deviation from the child support guidelines." *Guilford County ex. rel. Easter v. Easter*, 344 N.C. 166, 171, 473 S.E.2d 6, 9 (1996) (emphasis added). In doing so, the Court noted that

[t]he role of the trial court is to determine whether the reasonable needs of the children are being met and whether imposing the presumptive amount would not meet or would exceed the reasonable needs of the children or would be otherwise inappropriate or unjust. N.C.G.S. § 50-13.4(c). In making this determination, the trial court should have at its disposal any information that sheds light on this inquiry.

*Id.* at 169-70, 473 S.E.2d at 8. *Easter* makes clear that the trial court may consider third-party contributions which support deviating from the guidelines. When considering third-party contributions, the trial court "must examine the extent and nature of the contributions in order to determine whether a deviation . . . is appropriate considering the criteria for deviation set out in N.C.G.S. § 50-13.4(c)." *Id.* at 171, 473 S.E.2d at 9.

In this case, the trial court's findings of fact establish only that Samantha Horne's live-in boyfriend earns $16.61 per hour and works forty hours per week. Noticeably absent is an attempt to determine what, if any, contributions her boyfriend makes to the children or the

household and on what basis. Absent appropriate findings of fact regarding the extent and nature of the boyfriend's contributions in consideration of the criteria identified in N.C. Gen. Stat. § 50-13.4(c), we cannot review the appropriateness of the trial court's decision to deviate from the guidelines.

Moreover, we note that the order also lacks sufficient findings of fact to support the *amount* of child support awarded. As stated above, when the trial court deviates from the presumptive guidelines, it "shall make findings of fact as to the criteria that justify . . . the basis for the amount ordered." N.C. Gen. Stat. § 50-13.4(c) (1995). The findings of fact in this case do not indicate how the trial court arrived at $498.00 as reasonable child support for the children.

Plaintiff also contends the trial court erred by failing to order defendant to pay his proportionate share of the children's uninsured medical, dental, and orthodontic expenses. In doing so, plaintiff acknowledges that the trial court found defendant had the ability and should pay half of these expenses, but complains that the court failed to incorporate this finding of fact into its conclusions of law and order. The record does not indicate why this finding was omitted from the conclusions of law and order; however, we assume this oversight will be corrected on remand.

For the reasons stated herein, the trial court's order is reversed and remanded. On remand, the trial court shall, consistent with this opinion, redetermine the parties' child support obligations based on the evidence presented at the 11 September 1996 hearing and such other evidence as may be received.

Reversed and remanded.

Judges WYNN and JOHN concur.