SCOTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, on behalf of SHANNON C. POWELL, Plaintiff v. JOHN A. POWELL, Defendant

No. COA02-183

(Filed 31 December 2002)

**1. Child Support, Custody, and Visitation— support—grandparents' contributions—irrelevant**

Evidence of third party contributions from plaintiff's parents while she lived with them was irrelevant in a child support action because plaintiff and the children were not living with her parents at the time of the hearing. Moreover, the evidence was in fact introduced and explained in detail on cross-examination.

**2. Child Support, Custody, and Visitation— support—presumptive amount—findings**

The trial court's findings were adequate to support application of the presumptive child support amount where the court made specific findings as to the reasonable needs of the children

and the relative ability of each party to provide support. The findings were adequate to indicate that the court based its conclusion not to deviate from the guidelines on the interplay between the amount necessary to meet the needs of the children and the relative ability of the parties to provide that amount.

**3. Child Support, Custody, and Visitation— support—parent's income—sales commissions—speculative**

The trial court did not err in a child support action by not including plaintiff's sales commissions from Avon where those commissions were speculative.

**4. Appeal and Error— preservation of issues—failure to object at trial—appeal precluded**

Defendant's failure to object at trial precluded his raising on appeal the trial court requiring financial affidavits but not allowing cross-examination on the contents in a child support action.

**5. Child Support, Custody, and Visitation— support—use of worksheet—findings—defendant not assuming disproportionate share of costs**

There was no error in a child support action where the trial court used a child support worksheet without a modification for one parent assuming a disproportionate share of costs.

Appeal by defendant from order entered 30 August 2001 *nunc pro tunc* 30 March 2001 by Judge Richard T. Brown in Scotland County District Court. Heard in the Court of Appeals 14 October 2002.

*Edward H. Johnston, Jr., P.A., by Edward H. Johnston, Jr., for plaintiff-appellee.*

*Middleton & Mullins, LLP, by Ayn Muse Middleton, for defendant-appellant.*

THOMAS, Judge.

Defendant, John A. Powell, appeals from an order requiring him to provide medical insurance coverage on his two minor children, cover seventy-five percent of all their unpaid medical expenses and pay the presumptive amount of child support.

He contends the trial court erred by: (1) not allowing him to present evidence of third-party contributions to plaintiff, Shannon C. Powell, and the children in support of his request for a deviation

from the North Carolina Child Support Guidelines; (2) failing to make adequate findings of fact to justify application of the presumptive child support amount after hearing evidence in support of his request for a deviation; (3) failing to include as income certain commissions earned by plaintiff as a sales representative; (4) ordering the parties to submit financial affidavits without affording each the opportunity to cross-examine the other on the contents of the affidavits, and then relying solely on plaintiff's affidavit when making findings regarding the reasonableness of the children's expenses; and (5) ordering him to pay the presumptive amount of support under the guidelines when the evidence shows he assumed a disproportionate share of the costs of the children's care and support. For the reasons herein, we affirm.

The Powells were married on 15 June 1989, separated on 29 December 1998, and subsequently divorced. They have two children, Christin and Kelsey Powell. During the summer of 1999, the parties entered into a Parenting Agreement providing joint physical custody of both children. Plaintiff contracted with the Scotland County Child Support Enforcement Agency, which filed a complaint on 13 September 2000 to establish child support. Defendant answered and also requested the establishment of child support under the child support guidelines. Neither party sought a deviation from the guidelines in their initial pleadings.

According to Child Support Worksheet B, which is used to determine support when the parents have joint physical custody of the children, defendant's presumptive child support obligation is $349.00 per month. This figure takes into consideration that defendant pays the children's health insurance premiums. The worksheet indicates plaintiff earns a gross income of $1,365.00 per month, and defendant earns a gross income of $3,745.00 per month.

At the hearing, defendant attempted to elicit testimony concerning plaintiff's earlier living arrangements with her parents. Plaintiff objected, and the trial court ruled that such evidence was not relevant because plaintiff and the children were not living with her parents at the time of the hearing.

Plaintiff claimed she and the children began living with Amy Stewart on McNair Avenue one month prior to the hearing and paid $300.00 per month in rent and utilities. Before that, they lived with plaintiff's parents for approximately six months. Plaintiff and the children had also lived with her parents for approximately four or five

534    IN THE COURT OF APPEALS

SCOTLAND CTY. DSS ex rel. POWELL v. POWELL

[155 N.C. App. 531 (2002)]

months on one other occasion following the parties' separation. While plaintiff and the children lived with her parents, she claims she paid "around" $300.00 in rent and utilities and paid her mother $20.00 per week for child care. Plaintiff also supplied food and clothes for herself and the children.

Plaintiff testified that she provided the children with housing, clothing, food, school supplies, cheerleading supplies, entertainment and gifts. She acknowledged that defendant provided medical insurance coverage, piano lessons, and any amount not covered by insurance for eye and dental care.

Defendant, meanwhile, testified that he provided for the following: health insurance coverage (including medical, dental and vision), school supplies, school field trips, school pictures, bowling league fees, weekly church contributions, premiums on two life insurance policies for each child, and a computer.

Following closing arguments, and prior to judgment, the trial court ordered the parties to submit financial affidavits. When court resumed the following morning, defendant and defense counsel were not present. Plaintiff's affidavit of expenses was received into evidence and the trial court announced its judgment in open court. Defendant's affidavit was received by the court that same morning following recitation of the judgment.

In its order, the trial court made the following pertinent findings of fact:

9. Defendant suffers no mental or physical disability which would make him unfit for work and is capable of employment; he is currently employed with earnings of $3,745.00 per month (this amount is based on gross pay for regular employment of forty hours weekly and does not include overtime).

10. Ms. Powell earns $1,365.00 monthly at BellSouth.

11. Defendant provides medical insurance coverage on the children through his employment and the cost for the children's coverage is $32.00 monthly.

. . .

14. A worksheet calculating the appropriate child support in accord with State guidelines was received in evidence and the

support amount per the State guidelines is $349.00 per month from the Defendant.

15. Defendant is able to pay those sums set out in the mandate portion of this order and said sums are reasonable and in conformity with State guidelines.

16. There was no evidence received which would constitute the basis for a deviation from the State guidelines.

17. The Court received into evidence and reviewed Shannon C. Powell's "Affidavit of Income, Assets and Expenses" which is an itemized list of monthly expenses for Ms. Powell and more particularly for these children and the Court finds these children's expenses to be customary, reasonable, not excessive or extraordinary, and supportive of an adequate basis for the imposition of the support obligations of the Defendant contained in the mandate.

. . . .

The court then ordered defendant to pay the presumptive amount of $349.00 per month in support for his two children, provide and maintain medical insurance coverage on the children, and pay seventy-five percent of all unpaid medical expenses of the children.

[1] Defendant first contends the trial court erred in not allowing him to present evidence of third-party contributions to plaintiff and the children in support of his request for a deviation from the child support guidelines. Specifically, he argues the trial court erred in sustaining plaintiff's objection to the relevancy of evidence regarding support she and the children received while living with her parents. Plaintiff counters by arguing that defendant failed to make a timely request or motion for deviation from the guidelines.

N.C. Gen. Stat. § 50-13.4(c) (2001) provides: "[t]he court shall determine the amount of child support payments by applying the presumptive guidelines[.]" *See also State ex rel. Fisher v. Lukinoff*, 131 N.C. App. 642, 645, 507 S.E.2d 591, 593-94 (1998). However, the trial court may deviate from the presumptive amount "upon request of any party" that the trial court hear evidence and find facts "relating to the reasonable needs of the child for support and the relative ability of each parent to provide support." N.C.G.S. § 50-13.4(c); *see Browne v. Browne*, 101 N.C. App. 617, 623, 400 S.E.2d 736, 740 (1991). Following

**SCOTLAND CTY. DSS ex rel. POWELL v. POWELL**

[155 N.C. App. 531 (2002)]

such request and hearing, the trial court may deviate from the presumptive guidelines if:

> after considering the evidence, the [c]ourt finds by the greater weight of the evidence that the application of the guidelines would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support or would be otherwise unjust or inappropriate. . . .

N.C.G.S. § 50-13.4(c).

Absent a request by a party, the trial court is not required to take evidence, make findings of fact, or enter conclusions of law "relating to the reasonable needs of the child for support and the relative ability of each parent to [pay or] provide support." *Browne*, 101 N.C. App. at 624, 400 S.E.2d at 740 (quoting N.C.G.S. § 50-13.4(c)). The party seeking a variance from the guidelines is required to give advance notice of such request. *Id.* If the advance notice is not contained in the original pleadings, it must be given at least ten days prior to the hearing. *Id.* Absent a proper request for variance, the trial court is only required to hear such evidence as may be necessary for proper application of the presumptive guidelines as adopted by the Conference of Chief District Court Judges. *Id.* Absent a request for variation, support consistent with the guidelines "is conclusively presumed to be in such amount as to meet the reasonable needs of the child for health, education and maintenance." *Id.*

Here, neither party requested a deviation in their initial pleadings. However, at the hearing, defendant attempted to elicit evidence concerning plaintiff's pre-hearing living arrangements with her parents. Defendant asked the trial court to consider such evidence in support of his request to deviate from the presumptive guidelines.

Although the trial court initially ruled that such evidence was irrelevant because plaintiff and the children no longer lived with her parents, similar evidence was subsequently admitted, without objection, on cross-examination of plaintiff. In addition, both parties introduced, without objection, other evidence of the children's needs and the parties' relative ability to provide support. Therefore, any failure by defendant to give timely and proper notice of his request for a deviation from the presumptive guidelines was waived. *See Gowing v. Gowing*, 111 N.C. App. 613, 617, 432 S.E.2d 911, 913 (1993); *Browne*, 101 N.C. App. at 624, 400 S.E.2d at 741.

SCOTLAND CTY. DSS EX REL. POWELL v. POWELL

[155 N.C. App. 531 (2002)]

In *Guilford County ex rel. Easter v. Easter*, 344 N.C. 166, 473 S.E.2d 6 (1996), our Supreme Court held that contributions and support from third-parties may be considered when determining whether to deviate from the child support guidelines. *Id.* at 172, 473 S.E.2d at 9. While such third-party contributions will not always support deviation, the trial court should have such evidence at its disposal to "examine the extent and nature of the contributions in order to determine whether a deviation from the guidelines is appropriate[.]" *Id.* at 171, 473 S.E.2d at 9.

Defendant relies on *Guilford County* in arguing that the trial court erred in sustaining plaintiff's objection to evidence of the children's pre-hearing living arrangements with her parents. However, in *Guilford County*, the evidence showed that the plaintiff-father and the children were living in a house owned by the maternal grandparents at the time of the hearing. The maternal grandparents paid the water bill and did not charge plaintiff rent. The children also spent a great deal of time at their grandparents' home and the grandparents provided for other needs of the children including clothing, haircuts, and medical bills. *Id.* at 168, 473 S.E.2d at 7.

Here, however, the evidence shows plaintiff and the children were not living with her parents at the time of the hearing. They had moved out approximately one month earlier. Thus, the trial court correctly ruled such evidence irrelevant. Nonetheless, plaintiff later testified on cross-examination to the two occasions during which she and the children lived with her parents. Plaintiff provided details of the living arrangements with her parents, including the fact she paid $300.00 per month in rent and utilities and paid her mother $20.00 per week to keep the children. Thus, the evidence defendant sought to introduce concerning alleged third-party support, although properly excluded initially, was in fact introduced and explained in detail by plaintiff on cross-examination. Accordingly, defendant's first assignment of error lacks merit.

[2] Defendant next contends the trial court failed to make adequate findings of fact to support application of the presumptive child support amount after hearing evidence in support of defendant's request for a deviation. We disagree.

Since a hearing was conducted and evidence presented relating to the reasonable needs of the children and the relative ability of each parent to provide support, the trial court was required to find facts and enter conclusions on the evidence. *Browne*, 101 N.C. App.

at 623, 400 S.E.2d at 740. In finding facts, the trial court was required to consider:

> the reasonable needs of the child[ren] for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child[ren] and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.

N.C.G.S. § 50-13.4(c1); *see State ex rel. Fisher*, 131 N.C. App. at 645, 507 S.E.2d at 594. The trial court's conclusion whether to deviate from the presumptive amount of child support was required to be based on "factual *findings* specific enough to indicate to [this Court] that the judge below took 'due regard' of the particular 'estates, earnings, conditions, [and] accustomed standard of living' of both the child[ren] and the parents." *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980) (quoting N.C.G.S. § 50-13.4(c)) (emphasis in original).

In the case *sub judice*, the trial court made specific findings of fact as to the reasonable needs of the children and the relative ability of each party to provide support. The findings of fact here are adequate to indicate the trial court based its conclusion not to deviate from the guidelines on the interplay between (1) the amount of support necessary to meet the reasonable needs of the children and (2) the relative ability of the parties to provide that amount. *See State ex rel. Fisher*, 131 N.C. App. at 646, 507 S.E.2d at 594; *Atwell v. Atwell*, 74 N.C. App. 231, 234, 328 S.E.2d 47, 49 (1985). Accordingly, we hold the trial court did not err in awarding the presumptive amount of child support called for under the guidelines.

**[3]** Defendant next contends the trial court erred in failing to include in plaintiff's income certain commissions she earned as a sales representative for Avon.

The trial court found that plaintiff earned $1,365.00 per month working at BellSouth. This was the amount used on Worksheet B. In her testimony, plaintiff indicated she had been selling Avon products for two weeks, that her commission was "ten or twenty percent," and she would "probably" make $20.00 per week. In her financial affidavit, plaintiff listed $15.00 per week as income from selling Avon. However, plaintiff also said her supplies would cost "more than that." It is not clear from her testimony whether she was comparing her cost to the $100.00 in sales or her ten to twenty percent commission. Plaintiff also testified she had yet to receive a commission check for selling Avon products. The trial court did not err in deciding not to

SCOTLAND CTY. DSS ex rel. POWELL v. POWELL

[155 N.C. App. 531 (2002)]

include as income any amount for plaintiff's sale of Avon due to its speculative nature.

[4] Defendant next contends the trial court erred in ordering the parties to submit financial affidavits without allowing them to cross-examine one another on the contents of the affidavits, and then solely relying on plaintiff's affidavit in finding that the children's expenses were reasonable. We disagree.

After each party was ordered to submit financial affidavits, the trial court indicated it did not intend to receive any testimony the next morning related to the affidavits. The parties were then asked if there was anything else they wished to address and neither party responded. When court reconvened the following morning, defendant and defense counsel were absent and no objection had been entered, orally or in writing, to the trial court's stated intentions. The trial court then received plaintiff's financial affidavit and entered its ruling in open court. Defendant's affidavit was received later that morning.

Defendant had ample opportunity to make known to the trial court his objection to the procedure and his desire to cross-examine plaintiff. Having failed to do so, he is precluded from raising such issue on appeal and we reject the assignment of error.

[5] Defendant next contends the trial court erred in ordering him to pay the presumptive amount of support when the evidence shows he assumed a disproportionate share of the cost of the children's care and support. We disagree.

The instructions for completing Child Support Worksheet B (joint or shared custody) state: "[t]o the extent that one parent assumes a disproportionate share of costs . . . the worksheet should not be used or should be modified accordingly." Here, defendant introduced canceled checks and receipts as evidence of support provided by him from February 1999 to February 2001. Nonetheless, the trial court found "defendant has failed to adequately contribute to the support and maintenance of his named children." This constitutes a finding that defendant did not assume a disproportionate share of the children's costs. Accordingly, the trial court did not err in using Worksheet B and ordering defendant to pay the presumptive amount of child support.

Defendant's remaining assignments of error are deemed abandoned since they are not argued or supported in his brief. N.C.R. App. P. 28(b)(6) (2001).

For the reasons discussed herein, we affirm the trial court's order of child support.

Affirmed.

Chief Judge EAGLES and Judge TYSON concur.