ROWAN COUNTY DSS O/B/O MARY C. BROOKS, Plaintiff v. JOHN A. BROOKS, Defendant

No. COA99-540

(Filed 7 December 1999)

## 1. Child Support, Custody, and Visitation— support modification—deviation from Child Support Guidelines

In a child support modification case, the trial court's order supporting a deviation from the Child Support Guidelines must be reversed and remanded for additional fact-finding because the order: (1) does not identify the presumptive amount of support due under the Guidelines; (2) does not analyze the reasonable needs of the two minor children, other than a finding that plaintiff-mother's child care costs for the minor child Kelly are reasonable; and (3) only concludes that the cause for the deviation is that the deviation is "reasonable and fair."

ROWAN COUNTY DSS v. BROOKS

[135 N.C. App. 776 (1999)]

**2. Child Support, Custody, and Visitation— support modification—income tax dependency exemption**

In a child support modification case, the trial court did not err by ordering plaintiff-custodial parent to surrender her income tax dependency exemption to defendant-father because: (1) there is no case law from any jurisdiction disallowing a court-ordered waiver of a custodial spouse's dependency exemption because that order was entered in a child support proceeding; (2) sufficient findings of fact support the conclusion that plaintiff receives the earned income tax credit, has no tax liability, and therefore wastes the exemption for the minor child Kelly; and (3) there is no possible basis to determine that defendant's use of that exemption would conflict with the best interests of the child.

Appeal by plaintiff from the 19 February 1999 order of Judge Ted Blanton in Rowan County District Court. Heard in the Court of Appeals 15 November 1999.

*Rosalee Hart-Morrison for plaintiff-appellant Rowan County Department of Social Services.*

*No brief filed for defendant-appellee.*

MARTIN, Judge.

Plaintiff appeals from an order of the district court granting her motion to modify a child support order, granting defendant's motion to deviate from the North Carolina Child Support Guidelines, and directing that defendant receive the income tax dependency exemption for the parties' minor child, Kelly Brooks. We affirm in part, reverse in part and remand.

On 15 October 1997, plaintiff and defendant entered into a voluntary support agreement in which defendant agreed to pay $922 per month in child support for their three minor children, Kenneth, Christopher and Kelly. Plaintiff filed a motion to modify child support in Rowan County District Court on 9 November 1998. A hearing was held on the motion on 16 December 1998, but was not transcribed. At the hearing, defendant made a verbal motion to deviate from the North Carolina Child Support Guidelines.

On 19 February 1999, the district court entered an order granting plaintiff's motion to increase the child support amount, granting

defendant's motion to deviate from the Guidelines, and ordering that defendant be awarded the income tax dependency exemption for one of the minor children, Kelly. In its order, the court found changed circumstances in that the child Kenneth had attained majority and was no longer in school. The court made detailed findings as to plaintiff's and defendant's respective incomes and determined that plaintiff's child care costs for Kelly were reasonable. The order referenced three alternative worksheets prepared by the parties, which calculated defendant's support obligation under the Guidelines as either $853.43, $1,022.80, or $1,106.00.

Based on these findings, the court concluded it was "fair and reasonable" to deviate from the Guidelines. The order established defendant's new child support obligation as $1,000 per month to be paid in biweekly increments of $461.53.

Concerning the income tax exemption, the court found that plaintiff received an Earned Income Tax Credit and, therefore, had no income tax liability. The court further found that "based upon the plaintiff's income, the number of income tax exemptions in the home, and the plaintiff's entitlement to the Earned Income Credit, the plaintiff's exemptions for the minor child Kelly is wasted." It was therefore found "fair and reasonable" that the exemption for Kelly be surrendered to defendant.

Plaintiff raises two issues in her brief to this Court. First, she argues the district court made insufficient findings of fact to justify its deviation from the Guidelines. Second, she claims the district court lacked the authority and failed to find sufficient facts to order plaintiff to surrender her income tax dependency exemption to defendant.

[1] We review the district court's deviation from the amount of child support prescribed by the Guidelines for abuse of discretion. *Sain v. Sain*, 134 N.C. App. 460, 465, 517 S.E.2d 921, 926 (1999). To support a deviation, the district court must (1) determine the presumptive child support award under the Guidelines; (2) hold a hearing on the needs of the child and the relative abilities of the parents to meet those needs; (3) find by the greater weight of the evidence that the presumptive award "would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support or would be otherwise unjust or inappropriate[,]" N.C. Gen. Stat. § 50-13.4(c); and (4) enter written findings of fact that show the presumptive support amount, the reasonable needs of the

child, the relative abilities of the parents and that the presumptive amount is inadequate, excessive, or otherwise inappropriate or unjust. *Sain*, 135 N.C. App. at 466, 517 S.E.2d at 926. Our review of the order reveals the district court failed to make sufficient findings of fact to support a deviation from the Guidelines. The order does not identify the presumptive amount of support due under the Guidelines. In addition, there is no analysis of the reasonable needs of the two minor children, other than a finding that plaintiff's child care costs for Kelly are reasonable. *See State ex rel. Fisher v. Lukinoff*, 131 N.C. App. 642, 507 S.E.2d 591 (1998). Finally, the court's finding as to the cause for the deviation is limited to a conclusion that such a deviation is "reasonable and fair." We must therefore reverse this portion of the order and remand for additional fact-finding consistent with *Sain* and *Fisher*.

**[2]** Under federal tax law, the custodial parent is entitled to the support exemption for a child, even when the non-custodial parent provides more than half of the child's support. 26 U.S.C.A. § 152(e)(1) (West 1999). However, the custodial parent may waive the right to claim the exemption in favor of the non-custodial parent. 26 U.S.C.A. § 152(e)(2).

In *Cohen v. Cohen*, 100 N.C. App. 334, 347-48, 396 S.E.2d 344, 352 (1990), *disc. review denied*, 328 N.C. 270, 400 S.E.2d 451 (1991), this Court upheld the trial court's order requiring the custodial parent to waive the right to claim the dependency exemption for income tax purposes. Plaintiff seeks to distinguish *Cohen* as a divorce proceeding involving the division of the marital property. Plaintiff notes that the *Cohen* court relied on case law from other jurisdictions which had treated the dependency exemption as part of the marital estate. She urges that a court sitting in a child support proceeding lacks the authority to dispose of portions of the marital estate.

Following *Cohen*, we hold that the district court acted within its authority in ordering the custodial parent to waive her dependency exemption in favor of the non-custodial parent. Plaintiff's attempt to distinguish *Cohen* from the instant case is unpersuasive. The *Cohen* court was reviewing a child support order and did not define the dependency exemption as marital property. Appellant has failed to point to a decision from any jurisdiction disallowing a court-ordered waiver of a custodial spouse's dependency exemption because that order was entered in a child support proceeding. Moreover, the case most heavily relied upon by plaintiff, *Hughes v. Hughes*, 35 Ohio St.

3d 165, 518 N.E.2d 1213, *cert. denied*, 488 U.S. 846, 102 L. Ed. 2d 97 (1988), was subsequently modified by the Ohio Supreme Court to remove the characterization of the exemption as "marital property" and to allow Ohio courts to treat the exemption as "analogous to or part of child support." *Singer v. Dickinson*, 63 Ohio St. 3d 408, 413, 588 N.E.2d 806, 810 (1992).

We also find that the district court made sufficient findings of fact to support the waiver. The court found that appellant receives the Earned Income Tax Credit, has "no income tax liability" and, therefore, "waste[s]" the exemption for the minor child Kelly. Appellant does not challenge the validity of the court's income tax analysis; rather she avers that the court was required to make findings as to the best interests of the child. We agree that in most cases an explicit finding as to the child's interests is warranted. However, since the district court found that plaintiff derives no monetary benefit from the tax exemption, we see no possible basis to determine that defendant's use of that exemption would conflict with the best interests of the child.

For the reasons discussed above, we affirm the portions of the district court's award granting plaintiff's motion for an increase in child support and ordering that defendant be entitled to the dependency exemption for the minor child Kelly. We reverse the grant of defendant's motion to deviate from the Guidelines and remand for further findings either from the evidence of record or after receipt of additional evidence.

Affirmed in part, reversed in part and remanded.

Judges WYNN and SMITH concur.