TICCONI v. TICCONI

[161 N.C. App. 730 (2003)]

Vacated and remanded.

Judges WYNN and TIMMONS-GOODSON concur.

━━━━━━━━━━

BETHANY ANNE TICCONI, PLAINTIFF v. MATTHEW TICCONI, DEFENDANT

No. COA03-315

(Filed 16 December 2003)

**1. Child Support, Custody, and Visitation— support—modification—Guidelines—consent of parties**

　　The parties to a separation agreement each consented to modifications of their child support obligations through application of the Child Support Guidelines where they entered into a consent order modifying visitation and submitted the issue of child support to the court to be determined in accordance with the Guidelines.

**2. Child Support, Custody, and Visitation— support—modification—entire Guidelines apply—tax deduction provisions**

　　The trial court erred by not applying the provisions of the Child Support Guidelines concerning tax deductions where the parties waived the enforcement of their separation agreement (which specified the deductions) by asking the court to determine child support in accordance with North Carolina law after they entered into a consent order modifying visitation. Where a party requests a recalculation of child support, that request directs the court to apply the entirety of the North Carolina Child Support Guidelines.

　　Appeal by plaintiff from order entered 25 October 2002 by Judge Susan R. Burch in Guilford County District Court. Heard in the Court of Appeals 19 November 2003.

　　*Robert D. Davidson, Jr., for plaintiff-appellant.*

　　*Ronald P. Butler, for defendant-appellee.*

CALABRIA, Judge.

　　Bethany Anne Ticconi ("plaintiff") appeals the 25 October 2002 order of the trial court finding the court is without authority to mod-

ify the parties' separation agreement regarding the issue of which parent may claim which child as a dependent for State and Federal taxation purposes. We find the trial court had the authority to consider the issue of the tax deduction as part of its application of the North Carolina Child Support Guidelines ("the Guidelines"); accordingly, we reverse the order of the court and remand for application of the Guidelines in their entirety.

Plaintiff and Matthew Ticconi ("defendant") were married on 31 July 1993. Two children were born to their marriage, Tobie Michael on 12 January 1995 and Corin Alissa on 2 January 1997. The parties separated in February 2001 and entered into a separation and property settlement agreement which provided, in pertinent part:

> **3. Child Support**. The parties have agreed to deviate from the North Carolina Child Support Guidelines and Husband shall continue to support the minor children by making regular payments monthly . . . in the amount of ONE HUNDRED AND FIVE and 00/100 ($105.00) DOLLARS per week and a like amount shall be paid on or before Friday of each week thereafter, until the oldest child reaches the age of 18 or graduates from High School whichever event occurs last, at which time the child support will be recalculated. Simultaneously with the execution of this Agreement, Husband shall sign a Voluntary Support Agreement and a Voluntary Wage Assignment for deducting the child support amount. The Husband shall claim TOBIE MICHAEL TICCONI as a dependent for Federal and State income tax purposes and Wife shall claim CORIN TICCONI as a dependent for Federal and State income tax purposes. Both parties shall sign whatever documents are necessary to effectuate the dependent exemption for the other party.

On 12 March 2002, plaintiff filed a complaint against defendant seeking, *inter alia*, a modification of defendant's visitation and child support obligation. On 10 May 2002, following defendant's answer and counterclaim and plaintiff's reply, the parties entered into a consent order[1] which adopted the separation agreement with certain modifications to the children's custody. Therefore, the only remaining issue before the court was the modification of child support in accordance with the Guidelines. The court accepted memoranda on the issue of child support modification. At the 28 June 2002 hearing, the court

---

1. The May consent order was signed by Judge A. Robinson Hassell on 13 August 2002, and filed on 15 August 2002.

TICCONI v. TICCONI

[161 N.C. App. 730 (2003)]

determined child support in accordance with the Guidelines and utilized Worksheet B for calculation of a new child support amount. However, the court found it did not have the authority to modify the income tax deduction provision of the separation agreement. Plaintiff appeals.

Plaintiff asserts the trial court had the authority to modify the provisions of the separation agreement regarding child support because: (I) the parties consented by both requesting the court apply the Guidelines; and (II) the court's inherent authority to protect children required application of the Guidelines to the case at bar. Since we find plaintiff correctly asserts the parties consented to the court's application of the Guidelines, we need not reach plaintiff's remaining argument.

[1] "A separation agreement which is not incorporated into a court judgment is a contract and cannot be modified absent the consent of the parties." *Rose v. Rose*, 108 N.C. App. 90, 94, 422 S.E.2d 446, 448 (1992). *Accord Pataky v. Pataky*, 160 N.C. App. 289, 296, 585 S.E.2d 404, 409 (2003). In the case at bar, both parties expressly requested that if visitation was modified that the court likewise modify the child support. After the parties entered a consent order modifying visitation, they submitted the issue of child support to the trial court to be determined in accordance with the Guidelines. Accordingly, each party consented to the court modifying the support obligations by applying the Guidelines.

[2] The remaining question is whether the parties' consent to the court's application of the Guidelines included modification of the tax dependency deduction. In determining child support under the applicable North Carolina law,[2] the Guidelines "apply as a rebuttable presumption to all child support orders in North Carolina" and the court may only deviate from the Guidelines "where application would be inequitable to one of the parties or to the child(ren)" and where the court makes written findings of fact justifying deviation. N.C. Child Support Guidelines, 1998 Ann. R. (N.C.) 33, 34; N.C. Gen. Stat. § 50-13.4 (2001). With regard to the tax deduction, the

2. We note the applicable Guidelines are those effective 1 October 1998 and not the current Guidelines which became effective on 1 October 2002. Nevertheless the current Guidelines also provide "the parent who receives child support claims the tax exemptions for the child. If the parent who receives child support has minimal or no income tax liability, the court may consider requiring the custodial parent to assign the exemption to the supporting parent and deviate from the guidelines." N.C. Child Support Guidelines, 2003 Ann. R. (N.C.) 33, 34.

Guidelines provided: "[it is] presume[d] the custodial parent claims the tax exemptions for child(ren) due support. [However i]f the custodial parent has no income tax liability, the Court may consider assigning the exemption for the child(ren) to the non-custodial parent, and deviate from the Guidelines by increasing the obligor's support obligation."[3] N.C. Child Support Guidelines, 1998 Ann. R. (N.C.) 33, 34. Therefore, the Guidelines plainly address the issue of income tax dependency deductions. Accordingly, application of the applicable Guidelines included a determination of the tax dependency deduction.

Nevertheless, defendant asserts that because the tax dependency deduction is not utilized in the worksheet calculations of child support, the court did not have the authority to modify this portion of the separation agreement. We disagree. Application of the Guidelines is not limited solely to the numbers applied to the worksheet. The written commentary to the Guidelines explains how the court defines certain terms, gives context to the requirements of the worksheets, and addresses related issues. We hold that where a party requests a recalculation of child support, that request directs the court to apply the entirety of the North Carolina Child Support Guidelines, including not only the worksheets but also the commentary.

Defendant also asserts that because the tax dependency deduction is merely presumed, and not required, to be awarded to the custodial parent, and because the allocation in the separation agreement is equitable, the court should award the deduction in accordance with the agreement. We note that all the provisions of the Guidelines are presumptive, and were we to follow defendant's reasoning, the separation agreement would usurp the Guidelines as the default. Moreover, the Guidelines provide that to overcome the presumption in favor of their application, the court must consider whether application of the Guidelines is inequitable and not begin with a prior agreement and question its equity.

Accordingly, we hold that where the parties waive the enforcement of their separation agreement by asking the court to determine child support in accordance with North Carolina law, the court shall apply the Guidelines in their entirety. We find the trial court erred in not applying the provision of the Guidelines regarding tax deduc-

_____

3. It is well established that the income tax deduction is part of child support and not marital property. *Rowan County DSS v. Brooks*, 135 N.C. App. 776, 522 S.E.2d 590 (1999). This should not be a surprise to the parties since the separation agreement itself treated the tax deduction as part of the child support provisions.

tions. We reverse the order of the trial court and remand for application of the Guidelines in their entirety in accordance with the requests of the parties.

Reversed and remanded.

Judges McCULLOUGH and BRYANT concur.

